**John J. ALBINO and Louise Albino, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 62, Docket 25669.**

United States Court of Appeals Second Circuit.

Argued Nov. 10, 1959.

Decided Jan. 12, 1960.

Christy & Christy, Syracuse, N. Y., for petitioners, William P. Christy, Jr., Syracuse, N. Y., of counsel.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson and Charles B. E. Freeman, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before SWAN, MAGRUDER [*] and LUMBARD, Circuit Judges.

PER CURIAM.

The petitioners are husband and wife who filed joint income tax returns for the years in suit 1952, 1953 and 1954. Since the wife joined in the petition only because of the joint returns, the husband will be referred to as the taxpayer.

The taxpayer has been the sole proprietor of a retail and wholesale poultry business for the past 19 years. Respondent determined deficiencies in his income tax for the years involved by the net worth and expenditures method.[1] The Tax

---

[*] Judge Calvert Magruder of the First Circuit, sitting by designation.

[1] The deficiencies were $228.50 for 1952, $3,885.86 for 1953, and $627.68 for 1954.

The penalty additions to the tax, under § 293(a) of the 1939 Code, 26 U.S.C.A. § 293(a), and § 6653(a) of the 1954 Code, 26 U.S.C.A. § 6653(a), were respectively $11.43, $190.24 and $31.38.

Court sustained the Commissioner's determination.

██ Before the Tax Court the taxpayer challenged the Commissioner's determination in only two respects. The same contentions are repeated here. The first claim is that the opening inventory for 1952 should be valued at $4,410, instead of $3,364.05. The latter figure, adopted by the Commissioner, was reported in the taxpayer's income tax returns as the value of the closing inventory for 1951 and the opening inventory for 1952.[2] The closing inventory for 1951 and the opening inventory for 1952 would normally be the same. The taxpayer testified that the figure of $4,410 for the opening inventory of 1952 was an estimate of the value of poultry in storage, but the warehouse receipt showed only the poundage, not the cost of poultry in storage. No actual inventory was ever taken, and there were no books or records to verify the cost. On cross-examination the taxpayer testified the figure reported in his 1952 return was probably the best figure to take. We certainly cannot hold that the Tax Court's acceptance of this figure was clearly erroneous.

The second alleged error is that the Commissioner's net worth valuation as of January 1, 1952 took the taxpayer's cash on hand as only $2,267.37. This was the amount shown as deposited in taxpayer's account in the Syracuse Trust Company on January 2, 1952.[3] He claims that at the beginning of 1952 he had additional cash of $19,500 and a carryover there-from of $18,000 to 1953, and $3,500 to 1954. Concededly the taxpayer sold real estate in 1947 for $36,457.44. This sum was deposited in his wife's savings account in the Syracuse Trust Company, but the balance remaining in the account on December 31, 1951 was only $21.58.[4] The taxpayer testified that from withdrawals from the wife's savings bank account and from other sources he obtained the $19,500 cash hoard he claims to have had on January 1, 1952. He gave a most implausible story as to why he kept this cash and where he kept it.[5] The Tax Court said he was an evasive witness and did not credit his testimony. Its skepticism was buttressed by the statement of November 13, 1951, in which he said that he had $2,500 cash on hand and $1,500 in a savings account, and by his making bank loans in 1952 and 1953.[6]

██ It is well established that the Commissioner's determination of a deficiency is presumptively correct and the taxpayer has the burden of showing it incorrect. Halle v. Commissioner, 2 Cir., 175 F.2d 500, 502–503, certiorari denied 338 U.S. 949, 70 S.Ct. 485, 94 L.Ed. 586; Thomas v. Commissioner, 6 Cir., 223 F.2d 83, 88; Anderson v. Commissioner, 5 Cir., 250 F.2d 242, certiorari denied 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844. The court concluded that he had not carried this burden. We cannot say this conclusion is clearly erroneous. On the contrary it is amply supported by the record.

Decision affirmed.

2. His income tax returns for the years in suit appear as Respondent's Exhibits A, B, and C.

3. His account from 1947 to 1954 appears as Respondent's Exhibit D.

4. Respondent's Exhibit E.

5. A similar story was discredited in Anderson v. Commissioner, 5 Cir., 250 F.2d 242, 246, certiorari denied 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844.

6. Respondent's Exhibits F and G.