VINCENT S. HENNEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69552.    Filed February 10, 1961.

*John Swerdloff, Esq.*, for the petitioner.
*John J. O'Toole, Esq.*, for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency of $678 in petitioner's income tax for the year 1955 by halving the standard deduction taken by petitioner and employing "individual" instead of "joint" rates.

The sole issue presented is whether the return filed by petitioner for that year was a joint return or his separate return.

### FINDINGS OF FACT.

Petitioner is an individual living in Buffalo, New York. He filed an income tax return for the year 1955 with the district director of internal revenue at Buffalo, New York.

The return purported to be a joint return. The names of petitioner and Clarice R. Hennen were written in the space entitled "Name"; petitioner claimed an exemption for his wife and checked "No" to the question whether his wife was filing a separate return for 1955. The space for the taxpayer's signature appeared as follows:

/s/  Vincent S. Hennen    1/30/56.    /s/  Clarice R. Hennen    1/30/56.
                                      /s/  by Vincent S. Hennen
   (Your signature)       (Date)      (If this is a joint return,    (Date)
                                      wife's signature)

The name of Clarice was signed by petitioner.

Clarice R. Hennen was the estranged wife of petitioner, and did not reside with him at the address listed in this tax return. She earned no income during 1955, and was entirely dependent on petitioner for her support. Petitioner was unable to obtain Clarice's personal signature on the return, and therefore signed her name to it as above shown.

Petitioner relies entirely on the return as filed. His minute brief rests upon an alleged statutory presumption gleaned from section 6064 of the Internal Revenue Code of 1954.[1] He contends that absent any contrary evidence, the return must be viewed as what it purports to be, namely a joint return.

This argument is clearly fallacious. The words "prima facie evidence" in section 6064 mean simply that the signature of a person on a return or other document is evidence sufficient to raise a presumption or to establish the fact that the person signed unless rebutted. It is obvious, and not controverted, that Clarice R. Hennen's signature was not placed on the return by her. This clearly rebuts the presumption.

Although it is true that had Clarice's name alone been signed on the return, absent other evidence, her signature would be prima facie genuine, this is not the case here, but to the contrary, petitioner has shown and admitted that Clarice did not sign the return.

Petitioner claims to have signed for Clarice as her agent. There is no evidence of any agency or other authority in petitioner, and the mere signing as agent is insufficient to sustain petitioner's burden of proof, especially when coupled with petitioner's admission that he was unable to obtain his estranged wife's personal signature. We conclude that Clarice's name was not signed by her or for her.

The fact that one spouse fails to sign the return is not always fatal to the finding of a joint return. *Muriel Heim*, 27 T.C. 270 (1956), affd. 251 F. 2d 44 (C.A. 8, 1958). The determinative factor is whether the spouses intended to file a joint return, their signatures being but indicative of such intent. *Hyman B. Stone*, 22 T.C. 893 (1954), appeal dismissed. This intent may be inferred from the acquiescence of the nonsigning spouse. As we said in *Myrna S. Howell*, 10 T.C. 859, 866 (1948), affd. 175 F. 2d 240 (C.A. 6, 1949) :

The 1941 return is not signed by petitioner. Her failure to sign that return is not alone determinative. It was held in *Joseph Carroro*, 29 B.T.A. 646, 650, that where a husband filed a joint return, without objection of the wife, who failed to file a separate return, it will be presumed the joint return was filed with the tacit consent of the wife. * * *

This so-called tacit consent rule has been applied by us only in cases in which respondent was seeking to impose tax liability upon a spouse who had not signed the return, respondent having determined that there was consent to a joint return despite the missing signature.

---

[1] SEC. 6064. SIGNATURE PRESUMED AUTHENTIC.

The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him.

*W. L. Kann*, 18 T.C. 1032 (1952), affd. 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967 (fraud); *Hyman B. Stone, supra,* (fraud); *Muriel Heim, supra* (fraud); *Jack Douglas*, 27 T.C. 306 (1956), affirmed sub nom. *Sullivan* v. *Commissioner*, 256 F. 2d 4 (C.A. 5, 1958) (fraud).

Petitioner's reliance upon the tacit consent rule probably stems from language used by the Sixth Circuit in affirming *Myrna S. Howell, supra*, sub nom. *Howell* v. *Commissioner*, 175 F. 2d 240, 241 (1949):

The Tax Court, citing a former Tax Court opinion, held that where a husband files a joint return without objection of the wife, who fails to file a separate return, it will be presumed the joint return was filed with the tacit consent of the wife. * * *

Petitioner argues that a purported joint return without the wife's signature, coupled with her failure to object and to file a separate return, will be a presumptively valid joint return due to the tacit consent rule.

Petitioner's argument, although perhaps consonant with the isolated language of the Sixth Circuit quoted above, overlooks the very nature of the presumption of tacit consent. In every case in which it has been applied, respondent had made a determination that a joint return had been filed despite the absence of one spouse's signature, and sometimes in the face of a direct refusal to sign. *W. L. Kann, supra.* As to the deficiency, respondent's determination is presumptively correct. See, e.g., *Albino* v. *Commissioner*, 273 F. 2d 450 (C.A. 2, 1960), affirming a Memorandum Opinion of this Court. The tacit consent presumption is nothing more or less than the presumption of correctness attaching to respondent's determination that a joint return was in fact intended. If no contrary evidence appears, his determination will be sustained, whether called a presumption of tacit consent or the regular presumption of correctness.

We cannot agree that tacit consent can be applied where respondent has made a contrary determination, as here. Tacit consent is only an explanation of the basis for respondent's determination that the absence of one signature is not fatal to a joint return, and has no application unless respondent has made such a determination. The tacit consent rule is not separable from the correctness imputed to respondent's finding of a joint return in cases where one spouse does not sign.

In this case there is a presumption *against* the tacit consent of Clarice, arising from the determination by respondent that no such consent to the filing of a joint return was given. Petitioner has offered no evidence to overcome such a presumption, and therefore cannot prevail.

*Decision will be entered for the respondent.*