Andrew J. Spheeris v. Commissioner.
Spheeris v. Commissioner
Docket No. 7153-65.
United States Tax Court
T.C. Memo 1969-43; 1969 Tax Ct. Memo LEXIS 254; 28 T.C.M. (CCH) 243; T.C.M. (RIA) 69043; February 27, 1969, Filed Maurice Weinstein, 623 N. 2nd, Milwaukee, Wis., for petitioner. Robert M. Burns, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax for the taxable years 1960, 1961, and 1962 in the respective amounts of $9,738.18, $12,381.72, and $306.43, and additions to tax, pursuant to section 6653(a) of the Internal Revenue Code of 1954, in the respective amounts of $486.91, $629.62, and *255 $29.35. In the petition the petitioner raised a number of issues, but by stipulation all 244 issues, except one, were agreed upon. It has been stipulated that the petitioner's correct taxable income for the years 1960, 1961, and 1962 is $6,241.78 $12,746.20, and $8,909.14, respectively. It has been further stipulated that the petitioner is not liable for an addition to tax under section 6653(a) for the taxable year 1960, but that he is liable for additions to tax under such section for the taxable years 1961 and 1962. The only issue remaining for decision is whether the respondent erred in computing the income tax at the rate for a married person filing a separate return, rather than on the basis of a joint return filed by husband and wife. Findings of Fact Some of the facts were stipulated and the stipulations are incorporated herein by this reference. The petitioner filed a Federal income tax return for each of the taxable years 1960, 1961, and 1962 with the district director of internal revenue at Milwaukee, Wisconsin, on the cash method. At the time of the filing of the petition herein his residence was 672 North 72nd Street, Milwaukee, Wisconsin. The petitioner *256 and Elene Spheeris were married on January 21, 1951. Because of marital difficulties the petitioner left his home on Alta Vista Avenue in Milwaukee in March 1961, and his wife and children continued thereafter to live at such home. Petitioner continued to pay the taxes and repairs on the home. He also furnished money for support. In 1961 and 1962 he furnished $100 per month for support of his wife. On July 12, 1961, Elene Spheeris filed suit for divorce against the petitioner in the Circuit Court of Milwaukee County, Wisconsin. A judgment of divorce in favor of Elene Spheeris was entered by such court on July 25, 1966. As a result of the divorce a property settlement was reached by which the petitioner in December 1966 paid Elene Spheeris about $94,000, which included the family home and a summer cottage. The top line of the return filed by the petitioner for each of the taxable years 1960, 1961, and 1962 shows the names of both Andrew J. and Elene Spheeris. [1] In the return for 1960 the petitioner checked the box "No" to the question "Is your wife (husband) filing a separate return for 1960." [2] In the return for each of the taxable years 1961 and 1962 the petitioner checked the *257 box "Married filing joint return." The return for 1960 shows the address of 672 North 72nd Street. The return for 1961 shows such address for the petitioner and also includes the address of 1839 Alta Vista Avenue for the wife. The return for 1962 shows the address of 672 North 72nd Street. In the return for each year the petitioner claimed 5 exemptions, namely, 1 for himself, 1 for his wife, and 1 for each of his minor children. In such returns all items of income reported and deductions claimed were those of the petitioner. The petitioner, after preparing the returns, either showed them to his wife Elene or she was given the opportunity to see them. He requested that she sign the returns, but she refused to sign them since she did not understand them and her attorney in the divorce proceeding advised her not to sign them. She did not consent to the filing of joint returns *258 with petitioner for the years 1960 through 1962, and she did not intend to file joint returns for those years. She did not advise the Internal Revenue Service that she objected to the filing of joint returns for those years. She did not file separate returns for any of the years 1960 through 1962. In those years she had no taxable income. After the divorce she commenced filing separate returns. From 1951 through 1959 Elene Spheeris signed and filed joint returns with the petitioner at his request, and did not question them. The petitioner, by his attorney, executed waivers of the statutory period for assessment of taxes for the taxable years 1960, 1961, and 1962. The notice of deficiency upon which the petition herein was based was addressed to the petitioner only. Therein the respondent computed the tax liability for each of the taxable years 1960, 1961, and 1962 at the rate for a married person filing a separate return. The petition herein was filed in the name of the petitioner only. 245 Opinion Section 6013(a) of the Internal Revenue Code of 1954 provides, with certain exceptions, that a husband and wife may make a single return jointly *259 of income taxes, even though one of the spouses has neither gross income nor deductions. Section 2(a) of the Code provides that in the case of a joint return of a husband and wife the tax shall be twice the amount which would be imposed if the taxable income were cut in half. It is well established that the question whether a joint return has been filed is a factual question, the answer to which depends upon the intention of the spouses, and that the failure of one spouse to sign the return is not necessarily determinative. In Vincent S. Hennen, 35 T.C. 747, we stated in part: The fact that one spouse fails to sign the return is not always fatal to the finding of a joint return. Muriel Heim, 27 T.C. 270 (1956), affd. 251 F. 2d 44 (C.A. 8, 1958). The determinative factor is whether the spouses intended to file a joint return, their signatures being but indicative of such intent. Hyman B. Stone, 22 T.C. 893 (1954), appeal dismissed. This intent may be inferred from the acquiescence of the nonsigning spouse. * * * Here the petitioner contends that Elene Spheeris knew that he was filing joint returns and that it must be deemed *260 that she intended that the returns be joint returns since she offered no objections to the Internal Revenue Service or to anyone else and did not file individual tax returns for herself. He also points to the fact that for preceding years she had always signed joint returns with him. He testified that the divorce case was hotly contested and that it was difficult to get her cooperation on any matter. It is his position that her refusal to sign the returns for the years in question was due to vindictiveness on her part, and that her passiveness in not making any objection to the Internal Revenue Service and failing to file separate returns is evidence of her subjective intent to acquiesce in, consent to, and ratify his action in filing joint returns. We find ourselves unable to agree with this view. Elene Spheeris did not consent to the filing of joint returns for the years in question. On the contrary, she specifically refused to sign such returns because she did not understand them and her attorney in the divorce proceedings advised her not to sign them. Nor is there any evidence of any subsequent action on her part which would indicate ratification of the returns filed by petitioner. *261 In the first place, we cannot assume that she knew he intended to file, and did file, the returns as joint returns after her refusal to sign them. In any event her failure to inform the Internal Revenue Service that she did not intend to file joint returns with her husband is not indicative of an intent on her part to acquiesce in the filing of joint returns. The mere fact that she did not sign the returns would be sufficient to put the Internal Revenue Service on notice of the possibility that there was no intention on her part to file joint returns with her husband. And the fact that she did not file separate returns for the years in question does not indicate an intent on her part to concur in the filing of joint returns since she had no taxable income in those years and therefore was not required to file returns. We think the evidence establishes that Elene Spheeris did not intend to file joint returns with the petitioner for the taxable years in question, and we have so found as a fact. In any event the petitioner, upon whom rests the burden of proof ( Welch v. Helvering, 290 U.S. 111), has not shown that she did intend to file joint returns. We have considered *262 all the cases cited by the petitioner but find that none of them is controlling here. We hold that the respondent did not err in treating the returns as separate returns filed by the petitioner and in declining to compute the tax at the rate provided by section 2(a) of the Code. Decision will be entered under Rule 50. 246 Footnotes
1. Such line contains the instruction to use the first names and middle initials of both husband and wife if the return is a joint return. ↩
2. Following such question is the instruction that if the answer is "yes" the name of the spouse is to be entered and the spouse shall not be claimed as an exemption.↩