Benjamin Sandler and Helen Sandler v. Commissioner.
Sandler v. Commissioner
Docket No. 1292-67.
United States Tax Court
T.C. Memo 1970-55; 1970 Tax Ct. Memo LEXIS 306; 29 T.C.M. (CCH) 248; T.C.M. (RIA) 70055; March 3, 1970, filed. Kenneth I. Persion, for the petitioners. Michael J. Christianson, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in income tax and additions to the tax of petitioners for the years and in the amounts as follows: Addition to Tax§ 6653(b),
Year
Deficiency
I.R.C. 1954
1960
$5,109.33
$2,554.67
1961
2,217.66
1,108.83
Petitioner reported income received from the operation of his rag business in the years 1960 and 1961. The issue is whether petitioner Benjamin Sandler received additional taxable income from the operation of his rag business in said years which he did not report and whether any part of his underpayment of tax for said years was due to fraud. Findings of Fact Some of the facts have *307 been stipulated and they will be found accordingly. Petitioners Benjamin Sandler and Helen Sandler are husband and wife. Hereinafter any reference to petitioner in the singular shall be a reference to Benjamin Sandler. Petitioners' residence on the date they filed their petition herein was Los Angeles, California. Petitioners filed joint income tax returns for the years 1960 and 1961 with the district director of internal revenue, Los Angeles, California. During 1960 and 1961 Benjamin Sandler was in the business of buying and selling used clothing and rags, hereinafter referred to as the rag business. In their 1960 Federal income tax return petitioners reported gross sales from the 248 rag business of $15,695. Respondent increased gross sales from the rag business in 1960 to $34,477.38. In their 1961 Federal income tax return petitioners reported gross sales from the rag business of $22,615.08. Respondent increased gross sales from the rag business in 1961 to $32,046.51. On their 1960 Federal income tax return petitioners listed their cost of goods sold from the rag business to be $9,205. On their 1961 Federal income tax return petitioners listed their cost of goods sold *308 from the rag business to be $15,719.62. Petitioners furnished no documentary evidence to the examining agent, or at the trial of this case, to substantiate their cost of goods sold during either of the years involved. Petitioners did not provide the examining agent with any records for the years 1960 and 1961. Petitioner advised the examining agent that he "assumed" his records for the years 1960 and 1961 were lost. Petitioner did provide the examining agent with two spiral notebooks and some cancelled checks which purportedly pertained to the years 1959 and 1962. On approximately October 17, 1960, petitioner Benjamin Sandler submitted a written and signed application for credit to Security Pacific National Bank, Los Angeles, California. On this application for credit Benjamin Sandler stated that his net income, after deductions, was $350 per week, or $18,200 per annum, after payment of income taxes. On September 30, 1961, petitioner Benjamin Sandler submitted a written and signed application for credit to the United California Bank, Los Angeles, California. On this application for credit Benjamin Sandler stated that his monthly income was $1,250. On August 25, 1965, Benjamin *309 Sandler was indicted on two counts for the crime of knowingly and wilfully making and subscribing to false income tax returns which returns he did not believe to be correct, in violation of section 7206(1) of the Internal Revenue Code. (a) Count number one of said indictment included the crime that Benjamin Sandler wilfully and knowingly made and subscribed his 1960 income tax return which he verified by a written declaration that it was made under the penalties of perjury, and which income tax return he did not believe to be true and correct in that the return stated that gross sales from business was $15,695, whereas he then and there well knew and believed the correct gross sales was $34,477.38. (b) Count number two of said indictment included the crime that Benjamin Sandler wilfully and knowingly made and subscribed his 1961 income tax return which he verified by a written declaration that it was made under the penalties of perjury, and which tax return he did not believe to be true and correct in that the return stated that gross sales from business was $22,615.08, whereas he then and there well knew and believed the correct gross sales was $32,046.51. *310 Pursuant to the indictment against Benjamin Sandler the case was called for trial on August 30, 1965. At that time Benjamin Sandler appeared with counsel and, pursuant to a plea of nolo contendere, was convicted on both counts of wilfully and knowingly making and subscribing his 1960 and 1961 income tax returns which he did not believe to be true and correct, in violation of 26 U.S.C. 7206(1). In his 1960 income tax return petitioner reported net income of $3,822.78, all business income. In his 1961 income tax return petitioner reported net income of $4,271.24 of which $4,132.62 was business income. The adjustments in respondent's notice of deficiency computed petitioner's 1960 business income by increasing sales in 1960 from $15,695, as reported, to $34,477.38 and by using as cost of merchandise bought for sale, the amount reported in the 1960 return, or $9,205.00. This adjustment computed petitioner's 1961 business income by increasing sales in 1961 from $22,615.08, as reported, to $32,046.51 and by using as cost of merchandise bought for sale the amount reported in the 1961 return, or $15,719.62. Petitioners' gross sales from the rag business during *311 the years 1960 and 1961 were in the amounts of $34,477.38 and $32,046.51, respectively. All or a part of petitioners' underpayment of taxes in each of the years 1960 and 1961 was due to fraud with petitioners' intent to evade the payment of taxes. Opinion Petitioner has filed no brief but his main contention, as shown by his pleadings, the statement by his attorney to the court at the trial, and by the evidence he introduced is that there should be an additional allowance for cost of merchandise bought for 250 sale. Petitioner admits his merchandise sales were understated in his income tax returns. He does not specifically admit the correctness of respondent's increase in the merchandise sales figures for the two years but his position seems to be that if the sales figures are to be increased there should be an increase in the cost of merchandise bought for sale. Petitioner was engaged in the rag business. The business consisted of purchasing cloth pieces and old clothing, sorting this into piles based on the type of fabric or the condition of the piece or garment and selling same either as bundles of garments (after repairs) or for rags or for shredding up into other *312 material. Petitioner had a truck or station wagon and he went around to various rummage sales, mostly in the Negro and Mexican sections of Los Angeles where he bought the merchandise he later sold to his customers. Petitioner had the burden of proving respondent's determination to be incorrect. Petitioner's business records consisted of spiral notebooks in which he and his wife recorded his purchases and sales. He testified he gave these spiral notebooks to his accountant who made up his income tax returns from the data therein. When the revenue agent called on him in 1963 with respect to his income tax returns he told the agent the spiral notebooks for 1960 and 1961 had been lost. The notebooks for those years which had been used by the accountant in making his 1960 and 1961 returns were never produced. Petitioner did produce the spiral notebooks for 1959 and 1962. Petitioner testified his total sales to customers in 1960 and 1961 were not recorded in the spiral notebooks. He at first said all his purchases of merchandise were recorded but he amended that to say there were some cash purchases in 1960 and 1961 that were not recorded in the spiral notebooks for those years. He said *313 there was just no way to establish the exact amount of these additional purchases. Petitioner endeavored to prove the cost of merchandise figure in respondent's adjustments for the years in question was too low by making an analysis of his business income for 1959 and 1962, as shown in the spiral notebooks for those years, and comparing it to the years in issue. The analysis showed the cost of goods was 60 percent of total sales in 1959 and 69.5 percent of total sales in 1962. Respondent's adjustment makes the cost of goods 37 1/2 percent of total sales in 1960 and 49.1 percent of total sales in 1961. There is no evidence that the years 1959 and 1962 were representative years. At any rate, we cannot accept such an analysis as reliable testimony that the cost of goods was understated in respondent's adjustment. Respondent had a right to use the "cost of goods" figure that petitioner used in his tax returns. Cf. Sidney Cohen, 27 T.C. 221 (1956)., Paul Masters, 25 T.C. 1093 (1956); and Albino v. Commissioner, 273 F. 2d 450 (C.A. 2, 1960), affirming Memorandum Opinion of this Court. None of petitioner's testimony was directed toward proving respondent's *314 determination of additional unreported sales was excessive, unreasonable, arbitrary, or in any manner erroneous. Petitioner did not successfully bear his burden of proving the cost of merchandise was understated in respondent's determination of deficiencies. The only other issue is whether respondent sustained his burden of establishing fraud by clear and convincing evidence. We have held that he did. There were substantial understatements of gross sales that the evidence shows were deliberately made. There were the applications for credit that contained statements of income much in excess of petitioner's reported income. There was the conviction of petitioner of knowingly and wilfully making false returns for the years in issue in violation of 26 U.S.C. 7206(1). There was the failure to keep and produce adequate business records. We are convinced on the record presented that some part of each deficiency was due to fraud with intent to evade tax. Decision will be entered for the respondent. 251