NOBLE RAY PRICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Price v. Commissioner
Docket No. 4639-73
United States Tax Court
T.C. Memo 1975-7; 1975 Tax Ct. Memo LEXIS 364; 34 T.C.M. (CCH) 35; T.C.M. (RIA) 750007; January 14, 1975, Filed Williard A. Herbert, for the petitioner. John D. Copeland, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,184.53 and an addition to tax under section 6651(a)[1] of $296.13 in petitioner's Federal income tax for 1968. The sole issue for our determination is whether petitioner's 1968 tax return was a joint return so as to qualify petitioner for the tax rates applicable to joint returns or was a separate return subject to the tax rates applicable to separate returns filed by married individuals for 1968. All the facts and exhibits in this case have been fully stipulated pursuant *365 to Rule 122, Tax Court Rules of Practice and Procedure.
Petitioner filed a Federal income tax return for 1968 with the Internal Revenue Service Center, Chamblee, Georgia. At the time of filing the petition herein, petitioner resided in Dallas, Texas. During the entire year 1968, petitioner was a resident of the State of Tennessee and was married, throughout the entire year, to Betty Barthine Price (hereinafter Betty). On July 23, 1969, the Circuit Court of Summer County, Tennessee, entered a decree dissolving the marriage. Included in the decree was the following provision: In accordance with the agreement between the parties, complainant will sign the joint income tax report of the parties for the fiscal year 1968, and the defendant will hold complainant harmless from any and all tax liability that has or may result as to the 1968 Federal Tax return. Petitioner's 1968 Federal income tax return was prepared by his accountants on or about January 21, 1970, and was mailed on April 24, 1970 and received by the Internal Revenue Service Center on April 27, 1970. The caption on the return is "Noble Ray and Linda B. Price." (Linda B. Price is the same person as Betty Barthine Price). *366 On the caption two social security numbers appear. The filing status which is checked states: "Married filing joint return (even if only one had income)." Unchecked is the space provided for: "Married filing separately. If spouse is also filing a return, enter her (his) social security number in space provided above and give first name here ." Betty's signature does not appear on the return, a situation which petitioner's attorney sought to explain in a letter enclosed with the return, which stated in part: Mrs. Price has refused to sign the tax report and since it would mean further delay, I have advised Mr. Price to file the tax report now with a letter of explanation rather than attempting to enforce the decree with an action for contempt which would take some time to conclude. Betty refused to sign the return when it was presented to her for her signature during the period between January 21, 1970, and April 24, 1970 and on a number of other occasions. Her refusals were based on advice of her attorney that if deficiencies were subsequently determined in petitioner's income tax liability for 1968, she would be personally liable to pay any such deficiencies if she signed *367 the return. Upon audit of petitioner's 1968 tax return, the examiner to whom the return was assigned for audit interviewed Betty and asked her if she would agree to sign the return and treat it as a joint return. She again refused to sign because she believed it was not correct. Betty had no taxable income in 1968 and did not file an income tax return for that year. Concededly, the mere fact that one spouse does not sign a return is not conclusive that it was not intended to be a joint return. Estate of Ralph B. Campbell,56 T.C. 1 (1971); Vincent S. Hennen,35 T.C. 747, 748 (1961); Muriel Heim,27 T.C. 270, 273 (1956), affd. 251 F.2d 44 (C.A. 8, 1958). Whether a return is a joint return in the absence of the signature of both spouses is a factual issue based upon the intention of the parties. Gaynes v. United States, 454 F.2d 1142, 1143, n. 3 (C.A. 5, 1972); Estate of Ralph B. Campbell, supra56 T.C. at 12; Arlington F. Brown,24 T.C. 256, 265 (1955). Not only is *368 the record herein devoid of any evidence that Betty intended that the return in question be a joint return, but, in point of fact, exactly the opposite is the case. From its first submission to her until the audit of the return by respondent's agent, she consistently refused to sign. Moreover, since she had no taxable income for 1968, it is not even possible to infer that she might have participated in the preparation of the return, from which her consent might have been inferred. Cf. Elsie Januschke,48 T.C. 496, 500 (1967); Muriel Heim, supra.That she might have intended to file a joint return at the time she signed the separation agreement is irrelevant. Her consistent refusal to sign the return, grounded on her avowed purpose of avoiding the liabilities to which she would be exposed by signing, precludes a finding of any tacit consent or authorization on her part that the return should be considered a joint return. Chilcote v. United States, an unreported case F. Supp. ( D. Ind. 1967, 20 A.F.T.R. 2d 5409, 67-2U.S.T.C. par. 9623). [2]
*369 Petitioner argues that, under Commissioner v. Danielson,378 F.2d 771 (C.A. 3, 1967), vacating and remanding 44 T.C. 549 (1965), the divorce decree incorporating the prior agreement of Betty to sign a joint return for 1968 is determinative of the character of the return that was filed. Not only is the force and effect of Danielson limited to cases in which appeals would be to the Third Circuit Court of Appeals (which is not the situation herein) but the principle of that case is not applicable to respondent except in certain situations (see Freeport Transport, Inc.,63 T.C. 107 (Nov. 12, 1974)). More importantly, Danielson has no application whatsoever to the type of situation involved herein. It cannot be used to obtain what petitioner in effect seeks from us, namely, a decree of specific enforcement of the divorce decree. If petitioner has been injured by Betty's action, his remedy is in a different forum. With respect to the addition to tax for late filing of the return under section 6651(a), petitioner has the burden of proof *370 on those issues and has submitted no evidence in respect thereto. Accordingly, we hold for respondent. Electric & Neon, Inc.,56 T.C. 1324 (1971), affirmed per curiam, 496 F. 2d 876 (C.A. 5, 1974); Rule 142, Rules of Practice and Procedure of this Court. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as in effect during 1968, the taxable year in issue.↩
2. See also Andrew J. Spheeris,T.C. Memo. 1969-43↩.