T.C. Memo. 2005-22


UNITED STATES TAX COURT



CHARMA GATLIN COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17166-02.              Filed February 10, 2005.



        R determined a deficiency in Federal income tax
with respect to the joint return for 1998 made by P and
her then husband (which determination P did not
contest); R denied P's subsequent request for relief
from joint and several liability under I.R.C. sec.
6015(b), (c), or (f).

        1.  <u>Held</u>:  P is eligible to elect relief under
I.R.C. sec. 6015(c), and R has failed to nullify the
election by demonstrating that she had actual knowledge
at the time she signed the joint return of the item
giving rise to the deficiency.

        2.  <u>Held</u>, <u>further</u>, R erred in denying P relief
under I.R.C. sec. 6015(c).

        3.  <u>Held</u>, <u>further</u>, P has no liability for the
deficiency.

Charma Gatlin Cook, pro se.

Robert W. West III and Linda J. Wise, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HALPERN, Judge:  This case is before the Court to review respondent's denial of petitioner's request for relief from joint and several liability on the joint return of income for 1998 made by petitioner and her then husband.  For the reasons stated, we shall grant petitioner that relief.

Unless otherwise stated, all section references are to the Internal Revenue Code as currently in effect.

FINDINGS OF FACT

Some facts have been stipulated and are so found.  The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

Residence

At the time the petition was filed, petitioner resided in Ellisville, Mississippi.

Petitioner's Marriage

Petitioner married M. Duane Spruill in May 1996.  The Spruills separated in June 1999, and they were divorced on May 2, 2000.

1998 Tax Year

For their 1998 taxable (calendar) year, the Spruills made a joint return of income (the 1998 return), reporting, principally, salary earned by petitioner and business income earned by Mr. Spruill.

Petitioner's salary derived from two employers. During the first 2 months of 1998, she worked in the audit department of West Quality Food Service (West), where she oversaw West's numerous bank accounts, assisted with inventories, cleared checks, and handled other miscellaneous tasks. For a short period during those 2 months, she supervised West's accounts payable department. During the remainder of 1998, she worked for the City of Ellisville, Mississippi, in the water department, where she performed billing services.

Mr. Spruill's business income derived from his self-employment as a contract oil well pumper. Mr. Spruill owned neither a computer nor a typewriter, and petitioner assisted Mr. Spruill in his business by hand-writing invoices. She prepared the invoices on the basis of information received from Mr. Spruill and, at the end of each month, she prepared a summary of invoices that Mr. Spruill gave to his accountant. Petitioner did not see the moneys collected against those invoices, nor did she see any record of the bank deposits made by Mr. Spruill from those collections. She was not a signatory with respect to Mr.

Spruill's business or personal bank accounts. Petitioner was not in a position to insist upon examining Mr. Spruill's business receipts, deposits, and income, as he subjected petitioner to physical and emotional abuse throughout their marriage.

Income Tax Deficiency

On November 9, 2000, following an examination of the 1998 return, respondent determined a deficiency in the Spruills' 1998 income tax liability of $1,943 (the deficiency). The deficiency resulted principally from the omission from the return of an item of business income received by Mr. Spruill: $6,907 of gross receipts from Thunder Alley Joint Venture (the Thunder Alley receipts). Petitioner did not contest the deficiency, but, on December 12, 2000, she did request relief from liability for the deficiency as a so-called innocent spouse. On August 15, 2002, respondent issued a notice of final determination (the notice) denying petitioner's request for innocent spouse relief.

Petition

On October 30, 2002, petitioner timely filed a petition seeking our review of the notice.

OPINION

I. Introduction

As a general rule, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes shown on the return or found to be owing. Sec. 6013(d)(3). In certain

situations, however, a joint return filer can avoid joint and several liability by qualifying for relief therefrom under section 6015.  There are three types of relief available under section 6015: (1) full or apportioned relief under section 6015(b); (2) proportionate relief for divorced or separated taxpayers under section 6015(c); and (3) equitable relief under section 6015(f), when relief is unavailable under either section 6015(b) or (c).  Petitioner seeks relief, alternatively, under all three sections.  Respondent has failed to carry his burden of proof with respect to a factual issue necessary to deny petitioner relief under section 6015(c).  Consequently, we grant petitioner relief under section 6015(c), and we do not address her claims for relief under section 6015(b) and (f).

## II.  Section 6015(c) Relief

### A.  Requirements for Eligibility

We have described section 6015(c) as functioning to: "[relieve] the requesting spouse of liability for the items making up the deficiency that would have been allocable solely to the non-requesting spouse if the spouses had filed separate tax returns for the taxable year." Mora v. Commissioner, 117 T.C. 279, 290 (2001).  In order to obtain relief under section 6015(c), the party seeking relief (the requesting spouse) must satisfy certain requirements.  Specifically, the return for which relief is sought must be a joint return, sec. 6015(c)(1); the

requesting spouse must timely file an election for relief, sec. 6015(c)(3)(B); and, at the time the election is filed, she must no longer be married to, or must be legally separated or living apart from, the individual with whom the requesting spouse filed the joint return (the nonrequesting spouse), sec. 6015(c)(3)(A)(i).  Petitioner satisfies those requirements. Additionally, relief is available to the requesting spouse only for that portion of the deficiency properly allocable to the nonrequesting spouse.  Sec. 6015(c)(1), (d).  Respondent concedes that the deficiency is entirely allocable to Mr. Spruill, and we so find.

B.  Actual Knowledge

A requesting spouse who meets the above requirements may yet be denied relief under section 6015(c) if the Commissioner can demonstrate that, at the time the requesting spouse signed the joint return, she had actual knowledge of any item giving rise to a deficiency (or portion thereof) that is not allocable to her. Sec. 6015(c)(3)(C).  Both this court and the Court of Appeals for the Fifth Circuit, the Court of Appeals to which an appeal in this case would lie, barring the parties' stipulation to the contrary, see sec. 7482(b), have defined culpable knowledge for purposes of sec. 6015(c)(3)(C) as the actual and clear awareness of the item, as distinguished from mere reason to know of the item.  Cheshire v. Commissioner, 282 F.3d 326, 337 & n.26 (5th

Cir. 2002), affg. 115 T.C. 183, 195 (2000). In various circumstances, we have found that the information available to a taxpayer as to the source of income was insufficient to supply her with actual knowledge of the item of omitted income. See, e.g., Charlton v. Commissioner, 114 T.C. 333, 341 (2000); Rowe v. Commissioner, T.C. Memo. 2001-325; Martin v. Commissioner, T.C. Memo. 2000-346. Indeed, the Secretary of the Treasury, in his regulations interpreting section 6015, has drawn the same distinction between reason to know and actual knowledge. See sec. 1.6015-3(c)(2)(iii), Income Tax Regs. ("Knowledge of the source of an erroneous item of income is not sufficient to establish actual knowledge."). The effective date of those regulations, however, precludes their application to this case. Sec. 1.6015-9, Income Tax Regs. (applicable for elections under section 1.6015-3, Income Tax Regs., filed on or after July 18, 2002).

To demonstrate petitioner's knowledge of Mr. Spruill's receipt of the omitted item of business income (the Thunder Alley receipts), respondent proposes two findings of fact: (1) Petitioner prepared the invoices for Mr. Spruill's business and the monthly summary of those invoices, and (2) she had knowledge of the billings specifically corresponding to the Thunder Alley receipts. While we have made a finding equivalent to respondent's first proposed finding of fact, and respondent's

second proposed finding might fairly be presumed, together those two proposed findings demonstrate no more than that petitioner had knowledge of the source of the unreported Thunder Alley receipts or, perhaps, had reason to know that Mr. Spruill might have received those receipts. We cannot conclude on the basis of those proposed findings of fact that petitioner had actual knowledge of the omitted Thunder Alley receipts.

It may well have been that, in order properly to prepare her husband's invoices and monthly summaries thereof, petitioner had some knowledge of which customers had paid invoiced amounts, of whether balances remained on some accounts, and of those customers to which she would need to send further invoices. From evidence of such knowledge, we might be able to conclude that petitioner had actual knowledge of the omitted Thunder Alley receipts. The record, however, is bare of such evidence. Petitioner appeared at trial and testified; respondent's counsel examined her, but she did not inquire as to the details of the invoicing procedures. Respondent did not call Mr. Spruill. Respondent has failed to prove that, at the time petitioner signed the 1998 joint return, she had actual knowledge of the omission of the Thunder Alley receipts.

C. <u>Conclusion</u>

Petitioner was eligible to elect relief under section 6015(c), and respondent has failed to nullify the election by

demonstrating that she had actual knowledge at the time she signed the joint return of the item giving rise to the deficiency.

III. Conclusion

Respondent erred in denying petitioner relief under section 6015(c). Petitioner has no liability for the deficiency.

To reflect the foregoing,

Decision will be entered

for petitioner.