T.C. Summary Opinion 2006-195

UNITED STATES TAX COURT

LORI ANN CHAMPAGNE, Petitioner, AND
DARRIN W. CHAMPAGNE, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14313-05S.              Filed December 27, 2006.

Lori Ann Champagne, pro se.

Darrin W. Champagne, pro se.

R. Scott Shieldes, for respondent.

DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent granted, in part, petitioner's request for section 6015 relief with respect to unpaid assessments of $27,714 in Federal income tax and a section 6662(a) accuracy-related penalty of $1,162 assessed against petitioner and Darrin W. Champagne (intervenor) for 2000. The issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(b), (c), or (f) in excess of the amount determined by respondent.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Magnolia, Texas. At the time the notice of intervention was filed, intervenor resided in Pineland, Texas.

Petitioner and intervenor were married in 1993. The marriage was dissolved by an agreed final decree of divorce, filed in the district court of Texas, on March 1, 2002.

Petitioner has a bachelor's degree in elementary education. From January to April of 2000, petitioner was employed by the Magnolia Independent School District as a teacher. Petitioner stayed home for the remainder of 2000 to care for her newborn

child and four other minor children.  Petitioner resumed her teaching around December of 2001.

Intervenor has taken a few college courses and has received some technical training.  During 2000, he was employed by Southwest Computer Services.

On Form 1040, U.S. Individual Income Tax Return, for 2000, petitioner and intervenor reported adjusted gross income of $90,018 and taxable pensions and annuities of $2,919.  Using third party information returns, respondent determined that taxable interest of $5 and an additional taxable pension distribution of $19,692, received by intervenor in 2000 (collectively, the omitted income), were not reported on the return.

On November 25, 2002, respondent issued to petitioner and intervenor a statutory notice of deficiency for 2000.  Neither petitioner nor intervenor petitioned this Court in response to the notice of deficiency.  Accordingly, a deficiency of $7,777 and a section 6662(a) accuracy-related penalty of $1,162 were assessed against petitioner and intervenor.

On March 22, 2003, respondent received a Form 1040X, Amended U.S. Individual Income Tax Return, for 2000, signed only by intervenor.  The amended return included income items that were not accounted for in the notice of deficiency, resulting in an additional assessment of $19,937.

On January 7, 2004, petitioner filed with respondent a Form 8857, Request for Innocent Spouse Relief, along with a questionnaire in which petitioner detailed her claim for relief from joint and several liability under section 6015 with respect to the assessments.

On April 28, 2005, respondent issued to petitioner a notice of determination. Respondent determined that since petitioner did not sign the amended return that resulted in the additional assessment of $19,937, she was entitled to relief from the unpaid tax for that amount under section 6015(f). Respondent, however, denied relief for the balance of the request, i.e., the deficiency assessment, determining that petitioner had knowledge of the omitted income at the time she signed the return.

According to the notice of determination, petitioner's remaining tax liability is $6,992.[1] Petitioner timely filed a petition with the Court seeking a review of respondent's notice

---

[1]On the Form 8857, petitioner requested innocent spouse relief from the entire tax liability for 2000. According to the record, the unpaid tax for 2000 results from two assessments ($7,777 + $19,937), for a total of $27,714. After partial relief of $19,937, petitioner's remaining tax liability should have been $7,777 plus penalty and interest. There is no explanation why respondent, in the notice of determination, determined that petitioner's unpaid assessments for 2000 totaled $26,969 instead of $27,714, a difference of $745. The Court assumes that respondent has conceded the difference.

of determination denying, in part, her request for section 6015 relief.

## Discussion

### Jurisdiction

The Tax Court is a court of limited jurisdiction. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Under section 6015(e)(1)(A), the Court has jurisdiction to review an administrative determination regarding relief from joint and several liability, or a claim for relief where the Commissioner has failed to rule, as a "stand-alone" matter independent of any deficiency proceeding where the Commissioner has asserted a deficiency against the taxpayer. Billings v. Commissioner, 127 T.C. 7 (2006), on appeal (10th Cir., Oct. 23, 2006).

The Court has jurisdiction over this "stand-alone" matter under section 6015(e)(1)(A) because respondent has asserted a deficiency against petitioner for 2000. See sec. 6015(e)(1).

### Section 6015(c) Relief

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). As a threshold matter, petitioner argues that she is not liable for the deficiency assessment, because she did not sign the joint return for 2000 that was filed with the Internal Revenue Service (IRS). Petitioner contends that she never saw the return. She further

contends that intervenor handled the entire tax preparation process, including signing her name on the return for her. Petitioner, however, testified that she would have signed the return had intervenor presented it to her and that intervenor had her authority to prepare a tax return for her.

The fact that one spouse fails to sign the return is not fatal to the finding of a joint return. Heim v. Commissioner, 27 T.C. 270, 273 (1956), affd. 251 F.2d 44 (8th Cir. 1958). The determinative factor is whether the spouses intended to file a joint return, their signatures being but indicative of such intent. Hennen v. Commissioner, 35 T.C. 747, 748 (1961); Stone v. Commissioner, 22 T.C. 893 (1954). Regardless of whether intervenor, in fact, signed the return for petitioner, petitioner's testimony shows that she intended to file a joint return. Therefore, the Court finds that the return for 2000 was a joint return.

A spouse (requesting spouse), however, may seek relief from joint and several liability under section 6015(b), or if eligible, may allocate liability according to section 6015(c). If relief is not available under section 6015(b) or (c), the requesting spouse may seek equitable relief under section 6015(f). Sec. 6015(f)(2); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

Except as otherwise provided in section 6015, the requesting spouse bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Upon the satisfaction of certain conditions, section 6015(c) relieves the requesting spouse of liability for the items making up the deficiency that would have been allocated solely to the nonrequesting spouse if the spouses had filed separate tax returns for the taxable year. Sec. 6015(d)(1), (3)(A); Cheshire v. Commissioner, 282 F.3d 326, 332 (5th Cir. 2002), affg. 115 T.C. 183 (2000); Mora v. Commissioner, 117 T.C. 279, 290 (2001). Section 6015(c) applies only to taxpayers who are no longer married, are legally separated, or have been living apart for over a 12-month period. Sec. 6015(c)(3)(A)(i).

Petitioner and intervenor were divorced on March 1, 2002. Petitioner received a statutory notice of deficiency on November 25, 2002, and she subsequently filed a Form 8857.[2] Therefore, petitioner was eligible to elect the application of section 6015(c).

---

[2]Under sec. 6015(c)(3)(B), an election for relief from joint and several liability under sec. 6015(c) is to be made at any time after a deficiency is asserted but not later than 2 years after the date on which the Commissioner has begun collection activities. Respondent has not raised any issue as to the timeliness of petitioner's election under sec. 6015(c).

Relief under section 6015(c) is not available if the Commissioner demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof) that is not allocable to such individual.  Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Culver v. Commissioner, 116 T.C. 189, 194 (2001).  Petitioner has the burden of proving which items would not have been allocated to her if the spouses had filed separate returns.  See Mora v. Commissioner, supra at 290; Levy v. Commissioner, T.C. Memo. 2005-92.

Both this Court and the Court of Appeals for the Fifth Circuit have defined culpable knowledge in an omitted income case, for purposes of section 6015(c)(3)(C), as the "actual and clear awareness" of the item, as distinguished from mere reason to know of the item.  Cheshire v. Commissioner, supra at 337 n.26; Cook v. Commissioner, T.C. Memo. 2005-22.  While the taxpayer generally has the burden of proof, in order to preclude relief under section 6015(c) the Commissioner must carry the burden of demonstrating by a preponderance of the evidence that the requesting spouse had actual knowledge of "any item giving rise to a deficiency".  Rule 142(a)(1); Culver v. Commissioner, supra at 196; Charlton v. Commissioner, 114 T.C. 333, 341-342 (2000); sec. 1.6015-3(c)(2)(i), Income Tax Regs.  "Item" means

"an item of income, deduction, or credit". Cheshire v. Commissioner, supra at 337.

In the case of omitted income, knowledge of the item includes knowledge of the receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs. This Court has reviewed the record and finds that there is insufficient evidence to establish that petitioner had actual knowledge that intervenor received the omitted income.

The IRS may rely upon all of the facts and circumstances to demonstrate that a requesting spouse had actual knowledge of an erroneous item at the time the spouse signed the return. Sec. 1.6015-3(c)(2)(iv), Income Tax Regs. Respondent argues that petitioner had actual knowledge of the omitted income, at the time that the return was signed, because: (1) Petitioner had access to a bank account that she held jointly with intervenor during 2000, and (2) petitioner picked up and opened mail at the address where the Forms 1099 for the omitted income were sent.

Petitioner admits that she had access to one of intervenor's bank accounts. Petitioner contends, however, that intervenor maintained bank accounts held solely in his name, of which she had no knowledge and to which she had no access to during their marriage. According to petitioner, the money from these secret accounts was used to finance intervenor's "secret life" with other women. Petitioner suggests that it is possible that

intervenor deposited the omitted income into one of these secret accounts, without her knowledge, to pay for the expenses of his other women.

One factor that respondent may rely on in demonstrating that petitioner had actual knowledge is whether she made a deliberate effort to avoid learning about the item in order to be shielded from liability.  See sec. 1.6015-3(c)(2)(iv), Income Tax Regs. Intervenor did not appear at trial to testify, and there is no suggestion that petitioner made a deliberate effort to avoid learning of the omitted income.  Moreover, respondent has not presented any evidence to show that the omitted income was deposited into the bank account that petitioner held jointly with intervenor, or that petitioner otherwise had an actual and clear awareness of the omitted income.

Petitioner contends that she never saw any Forms 1099 for the omitted income.  Petitioner testified that there was a sewage leak in her home during 2000, and she and her children moved to temporary housing from May to December of 2000.  Petitioner further testified that intervenor "was taking care of everything" and that she had no access to any mail that was sent to her home address during this period.  According to petitioner, she was unaware of the omitted income and the attendant tax liability until she called the IRS regarding an unrelated tax issue in January of 2004.

Respondent counters that it is irrelevant whether petitioner was absent from her home from May to December of 2000. The Forms 1099 for the omitted income would have been mailed in early 2001, after petitioner had moved back into the house.

Both petitioner and intervenor had access to the mail at the address where the Forms 1099 were sent during early 2001. Intervenor did not leave petitioner until October of that year. Nevertheless, the Court finds that petitioner's testimony was credible and persuasive that she was unaware of the omitted income until January of 2004. See Rowe v. Commissioner, T.C. Memo. 2001-325 (finding that the taxpayer had no actual knowledge of an IRA distribution, even though periodic statements from the financial institution managing the IRA were sent to her home address, since other family members also picked up the mail).

Petitioner's testimony that she had no involvement in any aspect of intervenor's business was also credible. Petitioner's training was in elementary education. Petitioner worked as a teacher for the first 4 months in 2000, but was a homemaker for the remainder of the year. Petitioner stayed home with her five children while she relied on intervenor to provide for the family. Respondent has failed to meet his burden to prove that, at the time petitioner signed the 2000 return, she had an actual and clear awareness of the omitted income.

The Forms 1099 for the omitted income were issued solely to intervenor relating to a pension from his previous employment. Petitioner has established by a preponderance of the evidence that the deficiency at issue is entirely allocable to intervenor. See, e.g., Mora v. Commissioner, supra at 290-291.

The Court holds that respondent erred in denying petitioner relief under section 6015(c). Accordingly, petitioner is entitled to relief from joint and several liability under section 6015(c) for 2000. The Court need not address petitioner's claims for relief under section 6015(b) and (f).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for petitioner.