William A. **GEORGE**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 6355.

United States Court of Appeals
First Circuit.

Nov. 18, 1964.

Richard G. Maloney, Boston, Mass., with whom Maloney, Williams, Baer & Doukas, Boston, Mass., was on brief, for petitioner.

Robert H. Solomon, Department of Justice, with whom Lee A. Jackson and Meyer Rothwacks, Department of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition to review a decision of the Tax Court determining deficiencies in the taxpayer's individual income returns for the years 1950–54 inclusive and assessing penalties for fraud. The original assessment, and the Tax Court decision, were both reached by an application of the net worth method. The deficiency determined by the Commissioner was based upon an asserted total understatement of adjusted gross income of $148,-973. The Tax Court, after trial, reduced this amount to $47,426, and as to one of the years found an income deficiency of only $1,412. The court's opinion contains many subsidiary as well as ultimate findings, but for the purpose of this opinion we need repeat none of the details.

With respect to the deficiency, taxpayer's principal point is that the

Commissioner's calculations failed to take into account sizable amounts of cash in his safe deposit box. The Commissioner, it is true, was not aware of this. The Tax Court warrantably found, however, that while there was such cash, it was not removed during the tax years. Hence this matter washed out. With respect to some of taxpayer's other contentions it is sufficient to say that the fact that the Commissioner erroneously determined certain items did not mean that other determinations not dependent thereon were deprived of the presumption of correctness. Hoffman v. Commissioner, 3 Cir., 1962, 298 F.2d 784, 788. We have reviewed the evidence and see no error as to the findings of the Tax Court on the deficiency issue.*

■■ No deficiencies were assessed until after the final year had been closed, and consequently the burden was on the Commissioner to prove fraud with respect to at least part of the underpayment for each year in question in order both to lift the bar of the statute of limitations and to assess penalties. 26 U.S.C. §§ 1112, 276(a), 293(b), (1952); 26 U.S.C. § 7454(a), 6501(c) (1), 6653(b) (1958). The Tax Court's conclusion of fraud was based upon a combination of two subsidiary findings: the continuous and substantial understatement of income by an intelligent and astute taxpayer, and his evasive, unsatisfactory, and in some instances contradictory behavior on the stand. If these findings were warranted, they constituted a sufficient basis. E. g., Holland v. United States, 1954, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150; Lessmann v. Commissioner, 8 Cir., 1964, 327 F.2d 990, 993; Cefalu v. Commissioner, 5 Cir., 1960, 276 F.2d 122, 129. The Tax Court's procedure, however, presents one difficulty. The difficulty is that with respect to one not insubstantial item entering into the over-all calculation of the taxpayer's gross income, viz., how much he spent for living expenses, the court's accepted figure, unlike its other findings, depended upon the presumption of correctness of the Commissioner's determination. The court might have made its own finding, which might, conceivably, have been smaller than the Commissioner's. In such event the court might have found the understatement of income insufficient to warrant a finding of fraud.

■ Since the burden was on the Commissioner to prove fraud, it must follow that he had the burden of proving every subsidiary fact relied upon by the court to support that ultimate conclusion. To permit, in satisfying this burden, the use of a Commissioner's finding that was to be accepted only because the taxpayer had failed to meet a burden of overcoming it, would be to allow the Commissioner to raise himself by his own bootstraps. Goldberg v. Commissioner, 5 Cir., 1956, 239 F.2d 316; Olinger v. Commissioner, 5 Cir., 1956, 234 F.2d 823; cf. Valetti v. Commissioner, 3 Cir., 1958, 260 F.2d 185, 188.

We do not suggest by this that if the court found a substantial understatement as to some years and properly found fraud for those years it could not, under familiar principles, use that finding as indicative of fraud in other years. United States v. Sullivan, 2 Cir., 1938, 98 F.2d 79; Mitchell v. United States, 9 Cir., 1954, 213 F.2d 951, 958, cert. den. 348 U.S. 912, 75 S.Ct. 290, 99 L.Ed. 715; cf. Agnellino v. Commissioner, 3 Cir., 1962, 302 F.2d 797, 801. In other words, the burden of proof was not on the Commissioner to prove any particular deficiency, or for every year, but there was a burden upon him to prove whatever amounts were necessary to influence the court's mind to reach a finding of fraudulent intent.

Judgment will be entered setting aside the decision of the Tax Court and remanding the case for further proceedings not inconsistent herewith.

---

* The government argues, and in one instance the court expressly stated, that in considering disputed issues of amounts the court leaned over backwards to resolve them in taxpayer's favor. We think the government's point well taken.