LARCHMONT FOUNDATION, INC., AND PAUL R. STOUT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9860–75.     Filed April 17, 1979.

Paul R. Stout, pro se.
*Paul G. Topolka,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined that for 1971 the petitioners are liable for the following excise taxes and penalty:

| Petitioner | Sec. 4945(a)(1) I.R.C. 1954[1] initial tax | Sec. 4945(b)(1) additional tax foundation | Sec. 4945(b)(2) additional tax manager | Sec. 6684 penalty |
| --- | --- | --- | --- | --- |
| Larchmont Foundation, Inc. .... | $89.10 | $891 | | $980.10 |
| Paul R. Stout ............................................................ | | | $445.50 | |

The issues for decision are: (1) Whether the burden of proof under section 4945(a)(1), relating to certain prohibited expenditures by a private foundation, lies with the Commissioner or the petitioners; (2) whether such burden of proof has been carried in this case; (3) whether the Commissioner or the foundation has the burden of proof under section 6684(2), which imposes a penalty where the liability for any of the excise taxes applicable to private foundations and their managers is the result of willful acts or failures to act; and (4) whether such burden of proof has been carried in this case.

## FINDINGS OF FACT

The petitioner, Larchmont Foundation, Inc. (Larchmont), an Illinois corporation, had its principal office in Lombard, Ill., when it filed a joint petition with Paul R. Stout in this case. The petitioner, Paul R. Stout, is the president of Larchmont, and he maintained his legal residence in Lombard, Ill., when he filed such petition. Larchmont filed its Return of Organization Exempt from Income Tax (Form 990) for 1971 with the Internal Revenue Service, Chicago, Ill.

On December 17, 1968, Larchmont received its charter as a

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

nonprofit corporation from the State of Illinois. It was granted exemption from Federal income tax under section 501(a) as an organization described in section 501(c)(3) on April 7, 1969. Larchmont was created to promote scientific research and education, to enable needy students to obtain a college education, and to make grants to exempt organizations in furtherance of such aims.

In a letter dated August 12, 1975, the District Director of Internal Revenue informed Larchmont that its tax-exempt status was being revoked for all years beginning on or after January 1, 1971. The reason for the revocation was Larchmont's failure to provide records and information, as required under section 6033, in connection with an inquiry into its tax-exempt status. However, the District Director stated that Larchmont would continue as a private foundation, even though no longer tax exempt, unless its status as such is terminated under section 507.[2]

In his notices of deficiency, also issued on August 12, 1975, the Commissioner determined that $891 of expenditures listed on Larchmont's 1971 return were taxable expenditures within the meaning of section 4945(d) because of Larchmont's failure to adequately substantiate the nature and purpose of such expenditures. Such disbursements consisted of $272 for periodicals, $598 for expenses, and $21 for supplies. Accordingly, the Commissioner determined that Larchmont was liable for the initial excise tax under section 4945(a)(1) and the additional excise tax under section 4945(b)(1) and that Mr. Stout was liable for the additional tax under section 4945(b)(2). He also determined that Larchmont failed to establish reasonable cause for such expenditures, that the failure was both willful and flagrant, and that therefore Larchmont was liable for the penalty under section 6684.

### OPINION

The first issue for decision is whether the burden of proof with respect to the tax imposed under section 4945(a)(1) lies with the Commissioner or the petitioners. Section 4945 provides in part:

[2] In an order of this Court dated Oct. 15, 1976, this case was dismissed for lack of jurisdiction insofar as it related to the tax-exempt status of Larchmont. Accordingly, there is no reason for this Court to consider such issue in this proceeding.

(a) INITIAL TAXES.—

(1) ON THE FOUNDATION.—There is hereby imposed on each taxable expenditure (as defined in subsection (d)) a tax equal to 10 percent of the amount thereof. The tax imposed by this paragraph shall be paid by the private foundation.

(2) ON THE MANAGEMENT.—There is hereby imposed on the agreement of any foundation manager to the making of an expenditure, knowing that it is a taxable expenditure, a tax equal to 2½ percent of the amount thereof, unless such agreement is not willful and is due to reasonable cause. The tax imposed by this paragraph shall be paid by any foundation manager who agreed to the making of the expenditure.

\* \* \* \* \* \* \*

(d) TAXABLE EXPENDITURE.—For purposes of this section, the term "taxable expenditure" means any amount paid or incurred by a private foundation—

(1) to carry on propaganda, or otherwise to attempt, to influence legislation, within the meaning of subsection (e),

(2) except as provided in subsection (f), to influence the outcome of any specific public election, or to carry on, directly or indirectly, any voter registration drive,

(3) as a grant to an individual for travel, study, or other similar purposes by such individual, unless such grant satisfies the requirements of subsection (g),

(4) as a grant to an organization (other than an organization described in paragraph (1), (2), or (3) of section 509(a)), unless the private foundation exercises expenditure responsibility with respect to such grant in accordance with subsection (h), or

(5) for any purpose other than one specified in section 170(c)(2)(B).

As a general rule, the burden is on the petitioner to prove that a determination by the Commissioner is incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure;[3] *Welch v. Helvering*, 290 U.S. 111 (1933). Such Rule follows a long-recognized principle that administrative actions are presumed correct, and that the taxpayer is the party most familiar with the facts upon which he based his return and is in a better position to produce evidence supporting such facts if called upon to do so. See H. Dubroff & D. Grossman, "The United States Tax Court: An Historical Analysis, Part VI: Trial and Post-Trial Procedure," 42 Alb. L. Rev. 191, 209–210 (1978). However, Larchmont contends that the burden of proof under section 4945(a)(1) is shifted to the Commissioner, and it relies on section 7454(b) and Rule 142(c) as support for its contention.

Section 7454(b) provides in part:

---

[3]All references to a Rule are to the Tax Court Rules of Practice and Procedure.

(b) FOUNDATION MANAGERS.—In any proceeding involving the issue whether a foundation manager (as defined in section 4946(b)) has "knowingly" * * * agreed to the making of a taxable expenditure (within the meaning of section 4945), the burden of proof in respect of such issue shall be upon the Secretary or his delegate.

Rule 142(c) is derived from section 7454(b) and provides that "such burden of proof is to be carried by clear and convincing evidence."[4] Such provisions deal with excise taxes imposed on a foundation manager for "knowing" conduct; here, the excise tax is imposed on the foundation under section 4945(a)(1), not on the foundation manager. Therefore, section 7454(b) and Rule 142(c) are not applicable with respect to section 4945(a)(1).

The regulations under section 4945(a) also indicate that the burden of proof is on the Commissioner only when the excise tax is imposed on a foundation manager for knowing conduct under section 4945(a)(2), and not when such tax is imposed on the foundation under section 4945(a)(1). Section 53.4945–1(a)(2)(viii), Foundation Excise Tax Regs., states:

(viii) *Cross reference.* For provisions relating to the burden of proof in cases involving the issue whether a foundation manager has knowingly agreed to the making of a taxable expenditure, see section 7454(b).

No such cross reference to section 7454(b) is contained in the regulations under section 4945(a)(1).

Moreover, in the situation where the burden of proof is shifted to the Commissioner, the intention of Congress to do so is clear. In its report on the analogous provision of section 4941(a)(2), the Senate Finance Committee stated:

Where this first-level tax is imposed, there is also to be a tax of 2½ percent on the foundation manager, but only if the manager knowingly participated in the self-dealing. The tax on the manager may not exceed $10,000. The committee has concluded that, in order to avoid imposing unreasonable burdens upon foundation managers, it is appropriate (1) to apply this sanction to the manager only where the violation is willful and is not due to reasonable cause, and (2) to impose upon the Service the same burden of proof where such a sanction is being considered as is required in cases of civil fraud—that is,

---

[4] Rule 142(c) provides in part:

(c) Foundation Managers: In any case involving the issue of the knowing conduct of a foundation manager as set forth in the provisions of Code Section * * * 4945, the burden of proof in respect of such issue is on the respondent, and such burden of proof is to be carried by clear and convincing evidence. Code Section 7454(b).

proof by clear and convincing evidence. * * * [S. Rept. 91–552 (1969), 1969–3 C.B. 423, 445.]

The committee report contains no indication that the burden of proof also shifts to the Commissioner when the tax is imposed on the foundation. Thus, the report shows that Congress was following the pattern well established under the internal revenue laws; that is, when a penalty or addition to tax is imposed on a taxpayer for knowing, willful, or fraudulent conduct, the Commissioner has the burden of proving such conduct, but in other situations, the petitioners have the burden of showing that they are not liable for the taxes determined by the Commissioner.

The principle is clear that there is no constitutional impediment to placing the burden of proof on the petitioner. *Rockwell v. Commissioner*, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, cert. denied 423 U.S. 1015 (1975); *Roberts v. Commissioner*, 62 T.C. 834 (1974). Here, we perceive no reason for departing from the general rule as to the burden of proof. Accordingly, we hold that the burden of proof under section 4945(a)(1) is on the petitioner Larchmont.

The second issue for decision is whether Larchmont has carried its burden of proving that the expenditures claimed by it for 1971 were not taxable expenditures within the meaning of section 4945. The Commissioner determined that Larchmont was liable for the excise tax under section 4945(a)(1) because of its failure to adequately substantiate such expenditures. At trial, Mr. Stout, appearing as the representative of Larchmont, refused, while testifying, to either admit or deny that Larchmont had in fact filed a return for 1971, nor did he produce any records or answer any questions about such expenditures. Instead, Mr. Stout rested on the Fifth Amendment right against self-incrimination, and he refused to present any evidence on the issue.

The tax under section 4945(a)(1) was imposed on the foundation; it was not imposed on Mr. Stout individually as foundation manager. It is a well-established principle that the Fifth Amendment right against self-incrimination does not extend to corporations. *Curcio v. United States*, 354 U.S. 118 (1957); *United States v. White*, 322 U.S. 694 (1944); *United States v. Shlom*, 420 F.2d 263 (2d Cir. 1969), cert. denied 397 U.S. 1074 (1969); *Hair Industry, Ltd. v. United States*, 340 F.2d 510 (2d Cir. 1965), cert.

denied 381 U.S. 950 (1965). Therefore, Mr. Stout, as the representative of Larchmont, cannot base his refusal to present evidence on such ground.

Furthermore, before he took the stand as a witness, Mr. Stout made statements admitting that Larchmont had indeed filed a return for 1971, and such statements may be taken as establishing the facts so admitted. *Best v. Dist. of Columbia*, 291 U.S. 411, 415 (1934); *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). Moreover, Mr. Stout's signature appeared on the return as president of Larchmont. Section 6064 states:

> The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him.

In interpreting section 6064, this Court stated in *Hennen v. Commissioner*, 35 T.C. 747, 748 (1961): "The words 'prima facie evidence' in section 6064 mean simply that the signature of a person on a return or other document is evidence sufficient to raise a presumption or to establish the fact that the person signed unless rebutted."

Larchmont introduced no evidence to rebut the presumption of authenticity of the return or of the expenditures listed thereon. We have already held that the burden of proof is upon Larchmont to show that it made no expenditures subject to the tax under section 4945(a)(1). Since Larchmont has introduced no evidence to disprove the Commissioner's determination, we hold that Larchmont has failed to carry its burden of proof, and we sustain the imposition of the excise tax under section 4945(a)(1).

Mr. Stout contended that the deficiency notices in this case were issued because of the IRS's investigation of other matters not raised in this proceeding. It is a well-established principle that this Court does not look behind the statutory notice of deficiency to examine the reasons for its issuance. *Estate of Brimm v. Commissioner*, 70 T.C. 15, 22 (1978); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327 (1974); *Human Engineering Inst. v. Commissioner*, 61 T.C. 61, 66 (1973). Consequently, we have rejected such contention.

The applicability of the additional taxes imposed under section 4945(b)(1) and (2) was fully considered in *Adams v. Commissioner*, 72 T.C. 81 (1979), involving analogous provisions in section 4941(b). In *Adams*, this Court held that no deficiencies in tax as determined by the Commissioner exist under section 4941(b)(1)

for self-dealing. Inasmuch as section 4945(b) involves the same procedures as section 4941(b), we must follow our decision in *Adams*, and we hold that no deficiencies in tax as determined by the Commissioner exist under section 4945(b)(1) and (2).

The next issue for decision is whether the burden of proof under section 6684(2) lies with the Commissioner or Larchmont. Section 6684 provides:

If any person becomes liable for tax under any section of chapter 42 (relating to private foundations) by reason of any act or failure to act which is not due to reasonable cause and either—
(1) such person has theretofore been liable for tax under such chapter, or
(2) such act or failure to act is both willful and flagrant,
then such person shall be liable for a penalty equal to the amount of such tax.

The Commissioner maintains that Larchmont's refusal to produce its books and records relating to its expenditures was without reasonable cause and that the failure to produce such books and records was willful and flagrant within the meaning of section 6684(2). He argues that since the statute does not expressly shift the burden of proof to him in such cases, Larchmont has the burden of showing that there was reasonable cause for its refusal to produce such books and records and that its refusal was not willful and flagrant. We must disagree with the Commissioner.

Section 301.6684–1(c), Proced. & Admin. Regs., provides:

(c) *Willful and flagrant.* For purposes of this section, the term "willful and flagrant" has the same meaning as such term possesses in section 507(a)(2)(A) and the regulations thereunder.

Section 1.507–1(c)(5), Income Tax Regs., provides:

(5) No motive to avoid the restrictions of the law or the incurrence of any tax is necessary to make an act (or failure to act) willful. However, a foundation's act (or failure to act) is not willful if the foundation (or a foundation manager, if applicable) does not know that it is an act of self-dealing, a taxable expenditure, or other act (or failure to act) to which chapter 42 applies. Rules similar to the regulations under chapter 42 (see, for example, § 53.4945–1(a)(2)(iii) of this chapter) shall apply in determining whether a foundation or a foundation manager "knows" that an act (or failure to act) is an act of self-dealing a taxable expenditure or other such act (or failure to act).

Section 53.4945–1(a)(2), Foundation Excise Tax Regs., provides that where "knowing" conduct of a foundation manager is in issue, the burden of proof is determined under section 7454(b). Section 7454(b) provides in part:

(b) FOUNDATION MANAGERS.—In any proceeding involving the issue whether a foundation manager (as defined in section 4946(b)) has "knowingly" * * * agreed to the making of a taxable expenditure (within the meaning of section 4945), the burden of proof in respect of such issue shall be upon the Secretary or his delegate.

The regulations thus recognize that where "knowing," "willful," or "flagrant" conduct is alleged, either on the part of the foundation manager or the foundation itself, the burden of proof shifts to the Commissioner. Moreover, such a conclusion is in accordance with the general pattern of the tax laws under which the Commissioner has the burden of proof whenever he asserts an addition to tax or a penalty because of willful or fraudulent conduct by a taxpayer. Sec. 7454(a); Rule 142(b); *Levinson v. United States*, 496 F.2d 651 (3d Cir. 1974), cert. denied 419 U.S. 1040 (1974); *Estate of Pittard v. Commissioner*, 69 T.C. 391 (1977); see also sec. 7427; but see sec. 6672; *Liddon v. United States*, 448 F.2d 509 (5th Cir. 1971), cert. denied 406 U.S. 918 (1972). Accordingly, we hold that the burden of proof under section 6684(2) lies with the Commissioner.[5]

The last issue for consideration is whether the Commissioner has shown that Larchmont's actions were both willful and flagrant within the meaning of section 6684(2). It is a well-settled principle that where the Commissioner has the burden of proof, he must present evidence, or he cannot prevail. *Suarez v. Commissioner*, 61 T.C.841, 845 (1974); *Byrum v. Commissioner*, 58 T.C. 731, 735 (1972); *Markle v. Commissioner*, 17 T.C. 1593 (1952); *Tennessee Consolidated Coal Co. v. Commissioner*, 15 T.C. 424 (1950).

We have held that Larchmont is liable for the excise tax under section 4945(a)(1) because of its failure to sustain its burden of proving that it made no taxable expenditures within the meaning of section 4945(d). The penalty under section 6684 does not deal with a failure to substantiate the expenditures made by the foundation. To sustain his burden under section 6684(2), the Commissioner must establish that Larchmont's actions with respect to the taxable expenditures were both willful and flagrant; he cannot rely merely on a lack of substantiation. Cf. *George v. Commissioner*, 338 F.2d 221 (1st Cir. 1964), remanding a Memorandum Opinion of this Court; *Otsuki v. Commissioner*, 53 T.C. 96, 106 (1969); *Estate of Beck v. Commissioner*, 56 T.C. 297, 363 (1971). To establish willful conduct, the Commissioner

---

[5]We make no decision regarding the burden of proof under sec. 6684(1).

must prove that the foundation knew that such expenditures were taxable expenditures. Sec. 1.507–1(c)(5), Income Tax Regs. However, the Commissioner has presented no evidence on this issue. Accordingly, we must hold that the Commissioner has failed to establish that Larchmont's liability for the excise tax under section 4945(a)(1) was due to willful and flagrant conduct within the meaning of section 6684(2).

> *Decision will be entered for the respondent as to the tax under section 4945(a)(1) and for the petitioners as to the taxes under section 4945(b)(1) and (2) and as to the penalty under section 6684.*