WM. M. GARDINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gardiner v. Commissioner
Docket No. 301-78.
United States Tax Court
T.C. Memo 1979-364; 1979 Tax Ct. Memo LEXIS 164; 39 T.C.M. (CCH) 87; T.C.M. (RIA) 79364; September 10, 1979, Filed *164 P filed a petition containing no allegation of specific error in the deficiency and additions to tax determined by the Commissioner. In his answer, the Commissioner alleged that a part of the underpayment of tax for each of the years in issue was due to fraud and the facts supporting such allegation. In his reply, P failed to deny any of the alleged facts. Held, since the undenied allegations by the Commissioner are sufficient to establish fraud and since the petition has raised no issue as to the deficiency or additions to tax, the Commissioner's motion for judgment on the pleadings is granted. Wm. M. Gardiner, pro se. Leo A. Reinikka, Jr., for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This case is before the Court on the Commissioner's motion for judgment on the pleadings filed pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[1] Since the hearing on that motion, the petitioner has filed a motion for extension of time to file his amended reply and a motion to withdraw his petition and dismiss the case. Those motions will also be dealt with in this opinion. In his notice of deficiency, the Commissioner determined the following deficiencies and additions to tax: Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [2]
I.R.C. 1954
1970
$1,414.50 $ 707.25
$ 6.18
1971
1,756.00
878.00
5.57
1972
1,909.83
954.92
36.25
1973
2,350.08
1,175.04
75.20
1974
801.50
400.75
25.65
1975
43.44
21.72
1976
720.33
360.16
23.04
*166 The petitioner timely filed a petition, wherein he stated that he "knows the respondent-accuser erred in arriving at every one of his Dollar ( $ ) figures." He alleged that the determination was erroneous because the Commissioner was guilty of "fraud," "extortion," "harassment," and "willful oppression." As "The facts upon which the petitioner-victim relies," the petitioner set forth references to and quotations from the United States Constitution, the Bill of Rights, the Declaration of Independence, the Common Law, and the Holy Bible, and a demand for a jury trial. He set forth no specific allegations of error in the deficiency notice and no alleged facts. In his answer, the Commissioner generally denied most of the allegations made in the petition and affirmatively alleged that a part of the underpayment for each of the years at issue was due to fraud and the facts supporting such allegation of fraud. The petitioner timely filed a reply, in which he did not respond to the affirmative allegations of fraud contained in the answer. Rather, such reply merely stated *167 that the answer was a "non-answer" and that the Commissioner had "failed to provide any of the necessary clearandconvincing evidence of fraud alleged and denied." (Emphasis in original.) Thereafter, the Commissioner filed a motion for judgment on the pleadings, in which he takes the position that the pleadings fail to raise a factual issue as to the deficiency and the additions to tax under section 6653(b) for fraud and under section 6654 for underpayment of estimated taxes determined and alleged by him. He argues that he is entitled to a judgment for the deficiency and the addition to tax under section 6654 because the petition failed to raise any substantive error with respect to such deficiency and addition. He contends that since a reply was filed and since it contained no denial of the affirmative allegations set forth in his answer, those allegations are deemed admitted under Rule 37(c) and that the admitted allegations are sufficient to carry his burden of proving fraud by clear and convincing evidence. At the hearing on the Commissioner's motion, the Court repeatedly urged the petitioner to deal with the merits of the deficiency and additions determined *168 by the Commissioner, rather than rely on the constitutional objections made by him which have all been repeatedly considered and rejected by the courts. When the petitioner requested an opportunity to amend his reply so as to deal with the merits of the controversy, the Court granted him additional time to file an amended reply. However, he failed to file any amendment to his reply; instead, he filed a motion for extension of the time to amend the reply and a motion to withdraw his petition and dismiss the case. Before dealing with the Commissioner's motion for judgment on the pleadings, we will dispose of the petitioner's motions. He was given ample time in which to file an amendment to his reply, and therefore, his motion for an extension of such time is without merit and will be denied. His motion to withdraw the petition and dismiss the case will also be denied. It is well settled that once a timely petition is filed with this Court and the assessment procedures are suspended, the Court retains jurisdiction of the case until it is ultimately decided. Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974); *169 Dorl v. Commissioner, 57 T.C. 720, 721-722 (1972), affd. per curiam 507 F. 2d 406 (2d Cir. 1974).
Now we turn to a consideration of the Commissioner's motion. Rule 37(c) provides in part: Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply, shall be deemed to be admitted. * * * Since the petitioner filed a reply, and since such reply did not deny any of the affirmative allegations set forth in the answer, the facts so alleged are deemed admitted. tax returns for the years 1970 and 1971 in violation of section 7203 and for willfully supplying a false or fraudulent withholding exemption certificate to his employer in 1972. On April 3, 1975, the petitioner was convicted on the charges set forth in the indictment. On March 5, 1976, the Ninth Circuit Court of Appeals, in a per curiam opinion, affirmed the petitioner's conviction (531 F. 2d 953), and subsequently certiorari was denied by the Supreme Court (429 U.S. 853 (1976)). The first issue to be considered *170 is whether on the pleadings, the deficiency determined by the Commissioner is to be sustained. The Commissioner's determination of a deficiency is presumptively correct, and if the petitioner is to prevail, he must allege and prove such determination is erroneous. Rule 142; Welch v. Helvering, 290 U.S. 111 (1933). Here, the only allegations of error in the petition deal with the alleged misconduct on the part of the Commissioner and alleged violation of the petitioner's constitutional rights. These allegations raise no factual issue which would enable the petitioner to prevail. Such constitutional objections have been repeatedly rejected by the courts. See, e.g., Larchmont Foundation, Inc. v. Commissioner, 72 T.C. 131 (1979); Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Hatfield v. Commissioner, 68 T.C. 895, 898 (1977); Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, 65 T.C. 68, 79-80 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977); *171 Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971). Accordingly, since the petition contains no allegations which, if proved, would enable the petitioner to prevail, the Commissioner is entitled to a judgment in his favor as to the deficiency based simply on the pleadings. The second issue is whether on the pleadings, the Commissioner has shown that some part of the underpayment of tax for each of the years at issue was due to fraud within the meaning of section 6653(b), which provides in part: (b) Fraud. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.* * * The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States, 496 F. 2d 651 (3d Cir. 1974), cert. denied 419 U.S. 1040 (1974); *172 Estate of Pittard v. Commissioner, 69 T.C. 391 (1977); Estate of Temple v. Commissioner, 67 T.C. 143 (1976); Imburgia v. Commissioner, 22 T.C. 1002 (1954); Petit v. Commissioner, 10 T.C. 1253 (1948). To establish fraud, the Commissioner must show that the taxpayer intended to evade taxes which he knew or believed he owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F. 2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner, 394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner, 26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner, 328 F. 2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Since fraud can seldom be established by *173 direct proof of intention, the taxpayer's entire course of conduct can often be relied on to establish circumstantially such fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, supra at 105-106. The Commissioner can satisfy his burden through undenied allegations of fact deemed admitted under Rule 37(c). Gilday v. Commissioner, 62 T.C. 260 (1974). For each of the years at issue, the petitioner received significant amounts of income, and he failed to file a return and report such income for any of such years. We know that he knowingly attempted to avoid paying his tax for 1969, and from such fact, we may infer that his failure to file returns and pay taxes for 1970 through 1976 was not accidental but was deliberate. A pattern of failure to report substantial amounts of income over a period of years is, in and of itself, evidence of fraud. Holland v. United States, 348 U.S. 121, 139 (1954); Adler v. Commissioner, 422 F. 2d 63, 66 (6th Cir. 1970), affg. *174 a Memorandum Opinion of this Court; Estate of Upshaw v. Commissioner, 416 F. 2d 737, 741 (7th Cir. 1969), affg. a Memorandum Opinion of this Court, cert. denied 397 U.S. 962 (1970). Moreover, in this case, we have the additional facts that the petitioner filed a false claim for refund for 1971 and a false statement of exemptions in 1972.These false statements, designed to avoid the payment of taxes, furnish additional evidence of a fraudulent intent to evade the payment of taxes. On this record of facts admitted or deemed admitted in the pleadings, we hold that the Commissioner has carried his burden of proving fraud by clear and convincing evidence. The final issue is whether on the pleadings, the petitioner is liable for the addition to tax under section 6654 for underpayment of estimated taxes. The Commissioner determined that the petitioner was liable for such addition to tax for the years 1970 through 1974 and 1976, and the petitioner has the burden of proving that he qualifies under one of the exceptions set forth in section 6654(d). Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). Since the petition contains no allegations *175 concerning the failure to pay estimated taxes, it is clear that on the pleadings, this issue must also be decided for the Commissioner. In summary, it is clear that on the pleadings, the Commissioner is entitled to a judgment for the deficiency and for the additions to tax under sections 6653(b) and 6654. Accordingly, his motion for judgment on the pleadings will be granted. An appropriate order will be issued and decision will be entered for the respondent. Footnotes
1. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩