THE BARTH FOUNDATION, Petitioner [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Barth Foundation v. Commissioner
Docket No. 19102-80.
United States Tax Court
T.C. Memo 1981-635; 1981 Tax Ct. Memo LEXIS 103; 42 T.C.M. (CCH) 1580; T.C.M. (RIA) 81635; October 29, 1981. Marvin E. Hagen and Gene F. Reardon, for the petitioner. Joseph T. Chalhoub, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioner's motion to dismiss for lack of jurisdiction as to the imposition of additional excise taxes under section 4945(b)(1). [2] After a review of the record, we agree with and adopt his opinion which is set forth below. [3]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on petitioner's motion to dismiss filed on December 8, 1980. The issue presented is whether the provisions of *106 the Second Tier Tax Correction Act of 1980 (the Act), Pub.L. 96-596, 94 Stat. 3469, are applicable to a docketed but untried case involving second tier excise taxes pending in the Tax Court on or prior to the date of enactment, December 24, 1980. On May 14, 1980, respondent mailed petitioner a statutory notice of deficiency determining therein the following excise tax deficiencies: Year
First Tier Tax
Second Tier Tax
Ending
Sec. 4945(a)(1)
Sec. 4945(b)(1)
12/31/73
$ 504.66
$ 5,046.62
12/31/74
1,853.23
18,532.31
12/31/75
991.45
9,914.50
Petitioner timely filed its petition contesting the imposition of these excise taxes on October 14, 1980, [4] at which time its address was c/o Ms. Rosemary Howell, 449 Paseo De La Reforma, Apt. 2B, Mexico City, Mexico. On December 8, 1980, petitioner filed a motion to dismiss additional excise taxes under section 4945(b)(1), and a hearing was held thereon at Washington, D.C., on January 21, 1981, at which respondent appeared and presented argument. At the conclusion of the hearing the Court took petitioner's motion under advisement. Subsequently, petitioner filed a supplemental brief in support of its motion which *107 was filed on April 3, 1981, by leave of Court. Section 4945 imposes excise taxes on private foundations and its managers for certain prohibited taxable expenditures as defined in subsection (d). Initially, section 4945(a)(1) imposes on the private foundation a tax equal to ten percent of the amount of the taxable expenditure. The expenditure can be corrected, usually by recovering all or part of the amount to the extent possible. Section 4945(i)(1). If the taxable expenditure is not corrected within the taxable period, section 4945(b)(1) imposes on the private foundation an additional tax of 100 percent of the amount involved. The taxable period begins on the date the taxable expenditure occurs and ends on the earliest of the date of the mailing of the notice of deficiency or the date the first tier tax is assessed. Section 4945(i)(2). *108 The dismissal motion presently before the Court involves the question of whether the amendments made to the Internal Revenue Code by Chapter 42 Second Tier Tax Correction Act of 1980, Pub.L. 96-596, 94 Stat. 3469, signed by the President on December 24, 1980, apply to this case. Respondent in oral argument contended that this case is controlled by the amendments to section 4945 made by Pub.L. 96-596, supra. Petitioner admits that this Act "corrected the jurisdiction defect regarding the imposition of second level excise tax and other technical defects in the prior law" but it argues that the amendments are not applicable to this case, where the notice of deficiency was "mailed to a taxpayer or to taxes assessed" before the date of enactment of the Act. [5] The notice of deficiency herein was sent on May 14, 1980, and Pub.L. 96-596 was signed into law on December 24, 1980. Instead, petitioner maintains that this case is controlled by this Court's holdings in Larchmont FoundationInc. v. Commissioner, 72 T.C. 131 (1979), vacated and remanded (June 11, 1981), and Adams v. Commissioner, 72 T.C. 81 (1979), on appeal (2d Cir., June 23, 1981). *109 Moreover, in its brief, petitioner argues that respondent's interpretation would give the Act retroactive effect back to an indefinite date with respect to the second tier taxes, which violates due process by failing to clearly express Congress' retroactive intent. The Act clearly provides its applicability as to second tier taxes is "only with respect to taxes assessed after the date of the enactment of this Act." Pub.L. 96-596, 94 Stat. 3474, section 2(d). We addressed this same question of the application of Pub.L. 96-596, supra, with respect to second *110 tier taxes imposed by section 4941(b)(1), an analogous provision to section 4945(b)(1) herein under consideration, in Howell v. Commissioner, 77 T.C.     (filed Oct. 22, 1981). After fully considering the statutory language, legislative history, and the relevant case law, we held that the amendments made by Pub.L. 96-596, supra, are applicable to that docketed and untried case. There we found no other alternative but to use the technical meaning of the term "assessment". Inasmuch as section 4945(b) involves the same procedures as section 4941(b), we must and do follow our decision in Howell. A tax is not assessed until after our decision becomes final, and since the application of the amendments is dependent upon the date of assessment, those amendments apply to this docketed and untried case in which the second tier taxes imposed by section 4945(b)(1) have not yet been assessed. Similarly, in Howell, supra, we dismissed petitioner's retroactivity argument. The failure to set a fixed date is not fatal to a retroactive revenue measure. See Graham & Foster v. Goodcell, 282 U.S. 409 (1931). Generally, retroactivity of a revenue statute *111 whose purpose is corrective or curative is valid, where, as here, the statute applies to acts which, when performed, were subject to an existing tax. Petitioner's motion to dismiss for lack of jurisdiction insofar as the petition alleges error in the imposition of second tier excise taxes under section 4945(b)(1) will be denied. An appropriate order will be issued. Footnotes
1. This case was briefed and argued together with related cases, The Barth Foundation, docket Nos. 19101-80 and 19103-80, and Howell v. Commissioner↩, 77 T.C. No. 65 (October 22, 1981).
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
3. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
4. The notice of deficiency was addressed to petitioner in Mexico, allowing 150 days in which to file a petition in this Court. Section 6213(a). The envelope in which the petition was received by the Court was properly addressed, postage prepaid, and it bears a clearly legible U.S. postmeter stamp date of October 9, 1980. See section 7502.↩
5. The above quoted statements were taken from petitioner's "Statement in Lieu of Appearance at Hearing", filed on January 19, 1981, in Howell v. Commissioner, 77 T.C.     (filed Oct. 22, 1981) (docket No. 19104-80), wherein petitioner there sought to dismiss for lack of jurisdiction second tier excise taxes determined under section 4941(b)(1). In that statement we are advised, "Although this case has not been consolidated with the related cases of The Barth Foundation v. Commissioner↩, Docket Nos. 19101-80, 19102-80 and 19103-80, the arguments set forth herein are equally applicable to the related cases."