ALLAN H. APPLESTEIN FOUNDATION TRUST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALLAN H. APPLESTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Applestein Foundation Trust v. Commissioner
Docket Nos. 7744-79, 7745-79.
United States Tax Court
T.C. Memo 1981-650; 1981 Tax Ct. Memo LEXIS 94; 42 T.C.M. (CCH) 1635; T.C.M. (RIA) 81650; November 5, 1981. Jerome S. Richman, Edward P. Guttenmacher, Brian K. Ziegler, Michael S. Cease, and Neal E. Farr, for the petitioners. Lawrence G. Lilly, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On January 21, 1981, petitioner filed a motion for partial judgment on the pleadings in each of the above-entitled cases. The ground for each of petitioner's motions was stated to be that "all of the additional (second-level) excise taxes are unenforceable and, therefore, the Petitioner is entitled to a Partial Judgment on the Pleadings as to all of the additional taxes as well as the penalties thereon * * *." The record here shows that on March 14, 1979, respondent mailed to petitioner Allan H. Applestein Foundation Trust a notice of deficiency in its Federal excise tax liability for the *97 taxable years ended July 31, 1975, July 31, 1976, and July 31, 1977. Respondent determined an initial tax under section 4942(a) [1] and an initial tax under section 4945(a)(1). Respondent also determined an additional tax under section 4942(b) and an additional tax under section 4945(b)(1) with the explanation that petitioner was subject to the additional taxes provided by these sections if income remained undistributed and the taxable expenditure was not corrected within the correction period. On March 14, 1979, respondent also mailed a notice of deficiency to Allan H. Applestein determining that he was liable for excise taxes for the taxable years ended December 31, 1974, December 31, 1975, December 31, 1976, and December 31, 1977, under sections 4941(a)(1) and 4945(a)(2), and an additional tax under section 4941(b)(1). Petitioners take the position that under our holding in Adams v. Commissioner, 72 T.C. 81 (1979), on appeal (2d Cir. June 23, 1981), the additional (second tier) tax imposed under section *98 4941(b)(1) which respondent purports to assert in the notice of deficiency to Mr. Applestein is not properly asserted since no deficiency existed at the time of the issuance of the deficiency notice. Respondent takes the position that under the amendment made to section 4941(b)(1) by Chapter 42 Second Tier Tax Correction Act of 1980, Pub.L. 96-596, 94 Stat. 3469 (Dec. 24, 1980), the second tier tax is properly asserted. The identical issue was presented to the Court in Howell v. Commissioner, 77 T.C.     (Oct. 22, 1981). On the basis of our holding in the Howell case, we hold that petitioners' motion with respect to petitioner H. Allan Applestein will be denied. Petitioners take the same position with respect to the second tier taxes asserted against the Allan H. Applestein Foundation Trust under section 4942(b) and section 4945(b)(1) as they take with respect to the second tier tax asserted against Mr. Applestein under section 4941(b). Respondent also takes the same position with respect to the second tier taxes he determined against the foundation under sections 4942(b) and 4945(b)(1) that he took with respect to the second tier tax determined against Mr. Applestein *99 under section 4941(b). There is no substantive distinction in the provisions of sections 4942(b) and 4945(b)(1) either before or after their amendment by Pub.L. 96-596, sec. 2(a)(1), and section 4941(b) before and after its amendment. See Larchmont Foundation, Inc. v. Commissioner, 72 T.C. 131 (1979), vacated and remanded (7th Cir. June 11, 1981), involving the provisions of section 4945(b)(1); H. Fort Flowers Foundation, Inc. v. Commissioner, 72 T.C. 399, 410 (1979), appeal dismissed (6th Cir. Apr. 7, 1980), involving the provisions of section 4942(b); and Adams v. Commissioner, supra, involving section 4941(b). Therefore, on the basis of our holding in Howell v. Commissioner, supra, and for the reasons stated therein, we conclude that petitioners' motion for partial judgment on the pleadings in the Allan H. Applestein Foundation case will be denied. See also The Barth Foundation, 77 T.C.     (Oct. 29, 1981); The Barth Foundation, T.C. Memo. 1981-635 (Oct. 29, 1981). Appropriate orders will be issued. Footnotes
1. Unless otherwise noted, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩