LARCHMONT FOUNDATION, INC. and PAUL R. STOUT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Larchmont Foundation, Inc. v. Commissioner
Docket No. 9860-75.
United States Tax Court
T.C. Memo 1982-145; 1982 Tax Ct. Memo LEXIS 602; 43 T.C.M. (CCH) 838; T.C.M. (RIA) 82145; March 23, 1982. *602 In Larchmont Foundation, Inc. v. Commissioner,72 T.C. 131 (1979), this Court held that the provisions of sec. 4945(b), I.R.C. 1954, relating to the second-tier taxes on private foundations and their managers were unenforceable. Such provisions were amended on Dec. 24, 1980. Such amendments are applicable to taxes assessed after the date of their enactment, except where the doctrine of res judicata is applicable. The decision of this Court was on appeal at the time of the enactment of the amendments. Held, since the Court of Appeals for the Seventh Circuit vacated and remanded the decision of this Court, res judicata is not applicable, and the amendments of the second-tier tax provisions are applicable in this case. Held, further, the foundation and its manager have failed to prove that they are not liable for the second-tier taxes determined by the Commissioner. Paul R. Stout, pro se. Carolyn A. Boyer, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This case is now before *606 us as a result of a remand by the Court of Appeals for the Seventh Circuit in which such court vacated the portion of our decision holding that the provisions of section 4945(b) of the Internal Revenue Code of 1954[1] imposing "second-tier taxes" on private foundations and their managers were invalid and unenforceable. On June 11, 1981, the circuit court directed us to reconsider such decision to determine if the foundation and its manager are liable for such taxes under the amendments made by the Act of December 24, 1980, Pub. L. 96-596, 94 Stat. 3469. The applicability of the amendments turns on whether the doctrine of res judicata is applicable to the earlier decision of this Court. The petitioner, Paul R. Stout, filed a joint petition with Larchmont Foundation, Inc. (Larchmont). Mr. Stout was the president of Larchmont, a nonprofit corporation chartered by the State of Illinois. Such foundation was granted an exemption from Federal income tax under section 501(a) as an organization described in section 501(c)(3). *607 Larchmont was created to promote scientific research and education, to enable needy students to obtain a college education, and to make grants to exempt organizations in furtherance of such aims. In his notice of deficiency, the Commissioner determined that $ 891 of disbursements listed on Larchmont's return for 1971 were taxable expenditures within the meaning of section 4945. Accordingly, among other conclusions, he determined that Larchmont was liable for the initial excise tax under section 4945(a)(1) and the second-tier tax under section 4945(b)(1). He also determined that Mr. Stout was liable for the second-tier tax under section 4945(b)(2) on foundation managers. In Larchmont Foundation, Inc. v. Commissioner,72 T.C. 131 (1979), we held that the foundation was liable for the initial excise tax under section 4945(a)(1) since it failed to establish that the expenditures were not taxable expenditures within the meaning of section 4945(d). As to the second-tier taxes on the foundation and the manager under section 4945(b), we followed our decision in Adams v. Commissioner,72 T.C. 81 (1979), on appeal (2d Cir., June 23, 1981), and held *608 that the provisions for imposing such taxes were unenforceable and that therefore Larchmont and Mr. Stout were not liable for any deficiency in such taxes. The Commissioner appealed our decision to the Seventh Circuit on October 19, 1979. Subsequent to our decisions in Adams,Larchmont, and H. Fort Flowers Foundation, Inc. v. Commissioner,72 T.C. 399 (1979), Congress passed the Act "to insure the courts have jurisdiction to enforce the second-tier taxes." See H. Rept. 96-912, to accompany H.R. 5391 (Pub. L. 96-596) 2 (1980), 1981-4 I.R.B. 35, 36; S. Rept. 96-1034, to accompany H.R. 5391 (Pub. L. 96-596) 4 (1980). Under the amendments, the second-tier taxes are imposed on the foundation and the manager when a taxable expenditure is not corrected within the taxable period. Sec. 4945(b). The taxable period ends on the date of the mailing of the notice of deficiency or the date of the assessment of the initial tax, whichever occurs earlier. Sec. 4945(i)(2). However, a second-tier tax may be abated under section 4961 if the taxable expenditure is corrected within the correction period, and section 4962(e) defines the correction period. The *609 effective date provision of the Act states: (2) Second tier taxes.--The amendments made by this section with respect to any second tier tax shall apply only with respect to taxes assessed after the date of the enactment of this Act. Nothing in the preceding sentence shall be construed to permit the assessment of a tax in a case to which, on the date of the enactment of this Act, the doctrine of res judicata applies. [Pub. L. 96-596, sec. 2(d)(2), 94 Stat. 3474; emphasis added.] As a result of the enactment of the Act, the Seventh Circuit vacated and remanded our decision with the order that: The new statute amends section 4945(b)(1) of the Code and may affect the outcome of this case. The new section applies to this case, as no assessment for additional taxes has been made. * * * We vacate that portion of the Tax Court's decision relating to its refusal to assess additional taxes under I.R.C. § 4945(b). We remand to the Tax Court for consideration in light of Pub. L. No. 96-596. Thus, we are required to decide whether the amendments made by the Act are to be applied in this case. Since the enactment of the Act, we have held that *610 the amendments are applicable to a case which had been commenced before their enactment but which had not been tried at such time. Howell v. Commissioner,77 T.C. 916 (1981)Barth Foundation v. Commissioner,77 T.C. 1008 (1981). [2] Since there had been no trial in Howell and since the Court had not rendered an opinion on the merits of the issue, there was no question concerning the applicability of the doctrine of res judicata. 77 T.C. at 920. The outcome turned on the meaning of the word "assessed" as used in the first sentence of the effective date provision of the Act. We held that such word is a term of art (see sec. 6203), and the taxes cannot be assessed until a decision of the Tax Court becomes final where the taxpayer petitions the Court for a review of the determination by the Commissioner. Secs. 6213, 7481. Since any taxes under section 4941 could not be assessed in Howell until after the enactment of the Act, we held that the amendment were applicable in that case. *611 In the present case, the decision of the Tax Court has not become final, the accordingly, there has been no assessment of any taxes under section 4945 against Larchmont or Mr. Stout. However, this Court has rendered a decision, and hence, we must decide whether the doctrine of res judicata is applicable so as to prevent the application of the amendments in this case. The legislative history is not helpful in determining what was meant by Congress when it used such term. The Ways and Means Committee Report stated: The bill applies to second-tier taxes assessed after the date of enactment of the bill (except in cases where a court decision with respect to that tax is final on that date). [H. Rept. 96-912, supra at 3, 1981-4 I.R.B. at 36; emphasis added.] However, the Senate Finance Committee Report, in referring to the same statutory provision, said: The bill applies to second-tier taxes assessed after the date of enactment of the bill (except in cases where a court decision with respect to which res judicata applies on that date). [S. Rept. 96-1034, supra at 5; emphasis added.] To resolve our question, we must look to other sources to ascertain *612 the general meaning of the term res judicata. The term res judicata literally means a matter adjudged. See Black's Law Dictionary 1174 (5th ed. 1979). Once a court has entered its decision on a matter, the court has adjudged the matter, and the doctrine is applicable notwithstanding the fact that the court's judgment may be on appeal. See 1B Moore, Federal Practice, par. 0.416[3], p. 2252 (2d ed. 1980). However, if the matter is appealed, it is the disposition of the appellate court which becomes determinative; and a decision that is vacated, reversed, or set aside by the appellate court is thereby deprived of its conclusive effect as res judicata. See 1B, Moore, supra at par. 0.416[2], p. 2231; see generally, Scott, "Collateral Estoppel by Judgment," 56 Harv. L. Rev. 1, 15 (1942). At the time of the enactment of the Act, this Court had rendered its opinion holding that Larchmont and Mr. Stout were not liable for the second-tier taxes. However, by its order, the Seventh Circuit has exercised its authority and vacated such portion of the decision of this Court. *613 That court decided that "The new section applies to this case." Consequently, the doctrine of res judicata can no longer apply to such portion of the decision of this Court, and such decision constitutes no bar to the application of the amendments made by the Act in this case. Moreover, to apply the amendments in this case carries out the general purpose of the Act. Those amendments were made by Congress to correct the defects in the original statutory provisions imposing the second-tier taxes, and they were designed "to insure the courts have jurisdiction to enforce the second-tier taxes." S. Rept. 96-1034, supra at 4. It is altogether appropriate for the courts to give a broad interpretation to such legislation designed to correct technical defects in the statute. Howell v. Commissioner,77 T.C. at 921-922. Having concluded that the amendments are applicable in this case, we now reach the question of whether Larchmont and Mr. Stout are liable for the second-tier taxes. As amended, section 4945(b) provides, in part: (1) On the foundation.--In any case in which *614 an initial tax is imposed by subsection (a)(1) on a taxable expenditure and such expenditure is not corrected within the taxable period, there is hereby imposed a tax equal to 100 percent of the amount of the expenditure. * * * (2) On the management.--In any case in which an additional tax is imposed by paragraph (1), if a foundation manager refused to agree to part or all of the correction, there is hereby imposed a tax equal to 50 percent of the amount of the taxable expenditure. * * * In his briefs in this case, Mr. Stout maintained that the Commissioner had the burden of proof with respect to all the excise taxes under section 4945 and the penalty under section 6684 set forth in the notice of deficiency. Mr. Stout relied on the provisions of section 7454(b) and Rule 142(c), Tax Court Rules of Practice and Procedure. However, in our earlier opinion, we pointed out that those provisions shift the burden of proof to the Commissioner only when the manager is charged with "knowing" conduct. Hence, we held that Larchmont had the burden of proving that it was not liable for the initial tax under section 4945(a)(1) since the imposition of that tax did not depend upon a finding of *615 "knowing" conduct on the part of the foundation. For the reasons set out in that opinion, it follows that section 7454(b) and Rule 142(c) are also not applicable to the second-tier taxes imposed by section 4945(b) since their imposition does not depend upon a finding of "knowing" conduct on the part of either the foundation or its manager. Sec. 53.4945-1(b)(1) (foundation) and (2) (foundation manager), Foundation Excise Tax Regs.; compare sec. 53.4945-1(a)(2) (initial tax on foundation manager), Foundation Excise Tax Regs. Thus, Larchmont and Mr. Stout have the burden of proving that they are not liable for such taxes.
At the original trial of this case, the petitioners offered no evidence to show that there had been any correction of the taxable expenditures. Following the remand by the Seventh Circuit, the case was again set for hearing, and again, the petitioners made no effort to establish that there had been any correction of the taxable expenditures. Accordingly, we conclude and hold that Larchmont and Mr. Stout are liable for the second-tier taxes imposed by section 4945(b). However, they still have an opportunity to avoid such taxes by correcting the taxable expenditures *616 within the correction period as defined in section 4962(e), and if appropriate, they may seek a supplemental proceeding under section 4961(b).
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.↩
2. See also Allan H. Applestein Foundation Trust v. Commissioner,T.C. Memo. 1981-650; The Barth Foundation v. Commissioner,T.C. Memo. 1981-635↩.